## COIT *vs.* BEARD.

The *dismissal of a complaint*, under the code, is in all respects identical with a *nonsuit* in actions which were formerly called common law actions.

Hence a judgment, dismissing the complaint is no bar to a second action for the same cause.

A judge before whom a common law action is tried without a jury acts in the double capacity of court and jury; and when, instead of rendering a judgment in express terms for the defendant, he orders that the complaint shall be dismissed, it is to be presumed that he then acts as the court, exercising the prerogative which courts have always possessed, of *nonsuiting* the plaintiff, either before or after the evidence is given on both sides.

THE plaintiff sued the defendant as the indorser of a promissory note made by one Peter Voorhis. The answer set up two defenses: 1. Usury. 2. A former action, and a recovery in favor of the defendant. The issues were tried at the New York circuit, in April, 1859, before the Hon. T. R.

STRONG, a justice of this court, and a jury. The defendant read in evidence a judgment roll filed in the office of the clerk of the city and county of New York, on the 15th of March, 1858, in an action brought by Coit against Voorhis and Beard, upon the same promissory note set out in the complaint in this action. It appeared from the said judgment roll that in the former action the defendant Beard appeared, and put in an answer, alleging that the note was indorsed by him without consideration and for the accommodation of Voorhis, the maker, and setting up the defense of usury; that the cause was tried at the New York circuit in March, 1858, before a justice of the court, without a jury, the parties having waived a jury, and the complaint therein dismissed. It was admitted, on the second trial, that the note in the present action was the same as that sued on in the former action. The counsel for the defendant requested the court to charge the jury that the judgment formerly recovered by the defendant against the plaintiff, as contained in the judgment roll in evidence, was a bar to a recovery by the plaintiff in this action, and that the jury must render a verdict on the second issue in defendant's answer in this action in favor of the defendant. Which charge the court refused to give, and the defendant excepted to such refusal. The jury rendered a verdict in favor of the plaintiff, for the amount of the note and interest, on which judgment was entered. A motion was subsequently made, at a special term, for a new trial, which motion was denied, and the defendant appealed.

*D. P. Barnard,* for the appellant.

*S. E. Church,* for the plaintiff.

*By the Court,* CLERKE, P. J. The dismissal of the complaint, under the modern practice of the code, seems to me in all respects identical with a nonsuit in actions which formerly were called common law actions. In all actions of this

Coit *v.* Beard.

nature, I think it was intended by the legislature in enacting the code, that the one term should be substituted for the other. It is also evident that the convocation of judges who framed and adopted the rules of this court, considered them identical. (*See Rules* 23, 24.) In the language of the superior court in *Harrison* v. *Wood*, (2 *Duer*, 50,) "the dismissal of a complaint under the code has no other effect than that of a nonsuit under the former practice. There is a change of name and nothing more." If this is a correct view there can be no doubt that the judge at the second trial properly decided not to regard the judgment in the first action as a bar to the second. A *nonsuit* never precluded the plaintiff from bringing his action again, whether it was granted before or after the evidence was given on both sides, and the judge had a right to nonsuit at any stage of the trial. (*Jansen* v. *Acker*, 23 *Wend.* 280. *Rudd* v. *Davis*, 3 *Hill*, 287.) The form of the judgment, in all these cases, was that the complaint should be dismissed. If the legislature intended that the dismissal of the complaint, in an action at common law, should have the same effect as it had in equity cases under the old system, it would have distinctly said so. We are not to imply so important a change—a change that would operate so seriously on the rights of a suitor, as to prevent him from again trying to establish his claim, after failing in the first instance from the accidental deficiency of proof, or from any other cause A judge before whom a common law cause is tried without a jury, acts in the double capacity of court and jury ; and when, instead of rendering a judgment in express terms for the defendant, he orders that the complaint shall be dismissed, it is to be presumed he then acts as the court, exercising the prerogative, which it has always possessed, of *nonsuiting* the plaintiff, either before or after the evidence is given on both sides.

The judgment should be affirmed.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Sutherland* and *Allen*, Justices.]