## LAKE *v.* THE ARTISANS' BANK.

### March, 1867.

Reversing in part, 17 *Abb. Pr.* 232.

When, upon trial of a cause at circuit and before a jury, the court, on motion of defendant when the plaintiff rests, dismisses the complaint, and the plaintiff excepts, it is competent for the judge to order the exception to be heard, in the first instance, at general term.

Where, on an appeal founded on such an exception, it clearly appeared that the court had decided the cause upon a wrong issue, and had omitted to notice a fact material to the plaintiff's case,—*Held,* that the exception ought to be regarded as sufficient to warrant the appellate court in reviewing the decision.

An indorser who pays the amount of a note to a holder, under a mistaken belief, founded on statements of the holder, that he, the indorser, has been duly charged, or that a prior indorser has been, may, on discovering that he was not so charged, maintain an action to recover back the amount paid.

To constitute a voluntary payment within the rule that a voluntary payment cannot be recovered back, it must be made with a full knowledge of all material facts.

Jarvis W. Lake sued the Artisans' Bank, in the supreme court, to recover an amount which plaintiff had paid as indorser of a note held by the bank.

Plaintiff testified on his own behalf, that he had a note made by one Lebbeus Stetson, payable to his (Stetson's) own order, which was indorsed by him, by one Bates, and by plaintiff, and was discounted by the defendants' bank before maturity, and the proceeds passed to plaintiff's credit in the bank. That, more than a fortnight after the maturity of the note, plaintiff was informed by the cashier that the note, which was payable in Boston, had been returned, protested, and the cashier gave him an envelope containing the note and two notices of protest, one for himself and one for Bates, and requested him to give a check for the amount of the note and expenses, which he accordingly did, without particularly examining the notices. He afterwards discovered that the note had not been protested; *i. e.*, that the notice for the indorser Bates had not been served, but was in the envelop; but he did not learn this until he had brought a suit against Bates, in which Bates succeeded in his defense, on the ground that he was not charged as indorser.*

* The complaint, the frame of which is referred to in the opinion, alleged the procuring of the discount and passing of the proceeds to plaintiff's credit, and that the note, at the time of the discount, had belonged to plaintiff, who was a purchaser for value, and was valid as against indorser and maker; that the defendants neglected to protest the note, whereby they lost all claim against plaintiff, and discharged him and the prior indorsers, but nevertheless, and without plaintiff's knowledge, charged the note against a large balance which plaintiff had to his credit in the bank at the time of the charge, thereby reducing his balance; and that they informed him that they had duly protested the note. That plaintiff, in ignorance of this neglect, received the note, for the purpose of suing thereon. That, believing it to have been paid at maturity, he omitted to notify the indorsers for his own benefit, and thereby lost his claim against the indorser Bates, who was solvent. That the maker was, and remained, insolvent. That the plaintiff, on learning the defendants' neglect, demanded that the amount charged against him be expunged from his account, and the same paid to him, which the bank refused, whereupon he sued for that amount.

Lake *v.* Artisans' Bank.

At the close of plaintiff's testimony, defendant asked for a dismissal of the complaint, on the ground that the bank was proved to be the owner of the note, and was not, therefore, obliged to charge the indorsers. The judge granted the motion; plaintiff excepted, and the judge then directed that the case to be made be first heard at general term.

*The supreme court,* at general term, held, on the authority of Spencer *v.* Ballou, 18 *N. Y.* 327, 333, that defendants were under no obligation to notify Bates, because they were the owners of the note; and that plaintiff knew he had not been charged as indorser, except by the notice handed him, more than a fortnight after the dishonor of the note, and he then voluntarily gave his check for the amount. This voluntary payment was, they held, a waiver of the objection that he had not been duly charged, and his ignorance that the prior indorser had not been notified, was immaterial. Reported in 17 *Abb. Pr.* 232.

Plaintiff appealed.

*F. Kernan,* for plaintiff, appellant;— Cited, Cayuga County Bank *v.* Warden, 1 *N. Y.* (1 *Comst.*) 413; *Story on Prom. N* §§ 135, 198, 227, 230; Tebbetts *v.* Dowd, 23 *Wend.* 379; Coddington *v.* Davis, 1 *N. Y.* (1 *Comst.*) 186, 189, 190; Mowatt *v.* Wright, 1 *Wend.* 355, 360, &c.; Champlin *v.* Laytin, 6 *Paige,* 187; affirmance in error in 18 *Wend.* 407; Waite *v.* Leggett, 8 *Cow.* 195; Supervisors of Onondaga Co. *v.* Briggs, 2 *Den.* 26, 39, 40; Wyman *v.* Farnsworth, 3 *Barb.* 369; Smedes *v.* Utica Bank, 20 *Johns.* 372, 379, &c.; Allen *v.* Merchants' Bank, 22 *Wend.* 215.

*A. Prentice,* for defendant, respondent;—Cited, Tebbetts *v.* Dowd, 23 *Wend.* 379; *Edw. on Bills,* 651, 562, 473, 474; Spencer *v.* Ballou, 18 *N. Y.* 327; Baker *v.* Morris, 25 *Barb.* 138; *Chitty on Bills,* 9 Am. ed. 528, 530; City Bank of Brooklyn *v.* McChesney, 20 *N. Y.* 240.

By the Court.—J. M. Parker, J.—This action was tried at the circuit, before the court and a jury; and, upon plaintiff's resting his cause, the court, upon the defendant's motion,

Lake *v.* Artisans' Bank.

dismissed the complaint, to which the counsel for the plaintiff excepted, and the judge ordered the exception to be heard, in the first instance, at the general term.

I think the general term of the supreme court was right in regarding the case as properly before it for decision. The exception was one taken upon the trial, and is, I think, within the class of exceptions mentioned in section 265 of the Code, which the judge may order to be heard, in the first instance, at the general term. The dismissal of the complaint, in this case, was only equivalent to a nonsuit, and raises the same questions. Coit *v.* Beard, 33 *Barb.* 357; Lomer *v.* Meeker, 24 *N. Y.* 361, 363. The section (subd. 1) is as follows: "A motion for a new trial, on a case, *or exceptions,* or otherwise, and an application for a judgment on a special verdict, or a case reversed for argument or further consideration, must, in the first instance, be heard and decided at the circuit, or special term, except that where *exceptions* are taken, the judge trying the cause may, at the trial, direct them to be heard, in the first instance, at the general term, &c."

Now, if a motion for a new trial on exceptions, where a nonsuit is granted, the only exception being to the nonsuit, is within the provisions of this section (and it cannot, I think, be doubted that it is), it is equally clear, that an exception taken to a nonsuit may be ordered to be heard, in the first instance, at the general term.

What, then, is the effect of the exception taken? Does it bring up for review the question whether there was any thing for the jury to decide, or only the question whether the legal conclusion drawn from the facts which the evidence tended to prove, was the correct one?

In regard to any fact which may be drawn from the evidence bearing upon the ground of the nonsuit, no doubt the plaintiff is concluded, and such fact is deemed to have been assumed by the judge with the consent of the plaintiff. The nonsuit was upon the ground that the defendant was the owner of the note, and under no obligation to the plaintiff to charge his prior indorser. All the facts which the evidence tends to prove bearing upon this question, we must deem assumed by the judge with the plaintiff's consent. But, assuming the

court correct in holding that the plaintiff had no cause of action against the defendant for negligence in omitting to charge the prior indorser, still, there is another question raised by the pleadings and the evidence; and that is, whether the plaintiff did not pay the note to the defendant under such a mistake of facts as to entitle him to recover back the money paid. This question was entirely ignored by the court at the circuit, although it is a prominent issue in the case. The evidence is by no means so slight in favor of the plaintiff, upon this issue, that we can reasonably conclude it was assumed and conceded to be against him; it is, on the contrary, very strongly in his favor. It would be carrying the rule too far, I think, to hold, in such a case, that the court did assume and the plaintiff concede the facts bearing upon the issue, which was not all considered by the court to be against the plaintiff. The case was so evidently decided by the court upon a wrong issue, that I think the exception to such decision should be deemed sufficient upon a review to enable the appellate court to afford an opportunity for the correction of the error.

The plaintiff clearly ought not to have been nonsuited in the case. He was not, on July 27, when he paid the note, under any legal liability to pay it, for he had not been charged as indorser, and it was then past due.

It is said he waived want of notice by the act of payment. True, he did, if he paid with knowledge that he had not been charged. Tebbetts *v*. Dowd, 23 *Wend.* 379. But it is very questionable whether he did pay with such knowledge. The cashier told him that the note had been protested, and that he had charged over the amount to him. This was equivalent to an assertion that he, the plaintiff, had been legally charged as an indorser, as he might have been without his knowledge, having been absent from his residence and place of business when the note matured and several days after. Coddington *v*. Davis, 1 *N. Y.* (1 *Comst.*) 186. True, the note and two notices of protest from the notary, one directed to him and one to Bates, the prior indorser, were, at the time he was so informed by the cashier, delivered to him with the note. But this was entirely consistent with the fact which he understood from the

cashier. The bank, being the owner of the note, might have preferred to send its own notices.

But even if he did pay, knowing he had not been charged as indorser, still, did he not, as he swears he did, pay under the belief induced by the statement of the cashier, that Bates had been charged? The evidence that he did so pay it is so strong, that the fact is almost undeniable. There is nothing to contradict it, but the delivery to him of the notices, as above stated. It is not credible that he paid the note to the defendant, which there was no obligation whatever on him to pay, knowing that he was not liable, and that his prior indorser, the only other solvent party to the paper, was also discharged by the neglect of the defendant to charge him.

If, then, he paid it under the mistake above mentioned, in respect either to his or Bates having been charged as indorser, there can be no doubt that he was entitled to recover. Waite *v.* Leggett, 8 *Cow.* 195; Wheadon *v.* Olds, 20 *Wend.* 174; Chester *v.* Bank of Kingston, 16 *N. Y.* 336.

That would not have constituted a "voluntary payment," for the payment, if so made, was not made with full knowledge of all the material facts.

The supreme court, at general term, should have set aside the nonsuit, and ordered a new trial. The judgment must, therefore, be reversed, and a new trial ordered, costs to abide the result.

All the judges concurred.

Judgment reversed, and new trial ordered, costs to abide the event.