## The People *vs.* Stephen P. Smith.

A former decision, in an action between the same parties, upon the merits, so long as it remains unreversed, and not in any manner vacated or annulled, is not only binding, but is positively conclusive, upon the parties, in a subsequent action between them for the same cause.

Neither of them can be at liberty either to allege or prove that the facts put in issue in the previous action, and upon the trial of it adjudged and determined against the plaintiff, were not true. And without such allegation and proof the plaintiff cannot recover in the second action.

Where the decision and judgment contains only a simple direction that the complaint be dismissed, without any express finding of facts required to be negatived in order to warrant a recovery in the second action, it may be that the judgment should not be held to be a bar; but even in a case like that, the case is not free from doubt. *Per* Daniels, J.

But where the facts themselves are adjudicated and found in the former action, the parties should be estopped by such finding, so far as those facts themselves may be brought in controversy in the second action, and may be essential to the right of recovery therein; the parties, as to such facts, having had their day in court, with a definite decision rendered upon them.

In an action upon a recognizance, taken before a county judge, the plaintiff, on the trial, was unable to prove that the recognizance had been filed in the office of the county clerk, (although such was the fact,) or that it had ever become in any manner a record of the court. The action being tried by the court, without a jury, upon an agreed statement of facts, the court found and decided " that the recognizance was never filed in, or made a record of, any court; that no record of such recognizance had been made, in any court; that to maintain an action upon a recognizance it must appear that it was filed in, or made a record of, the court in which it is returnable; and that the complaint of the plaintiff be dismissed, with costs." The judgment entered upon such decision recited, and stated these findings and conclusions of fact and law, and then adjudged and directed that the complaint be dismissed, with costs. In a subsequent action, brought by the plaintiff in that suit against the defendant therein, upon the same recognizance,

*Held* that the finding, in the previous action, that the recognizance had not been filed, and had not become a record, was conclusive upon the plaintiff, in the second action; and inasmuch as he could not properly recover without establishing the converse of those findings, judgment was properly directed for the defendant.

THIS action is upon a recognizance, dated the 19th of May, 1865, taken at chambers, by and before the special county judge of Chautauqua county, conditioned

for the appearance of one Warren, at the then next court of oyer and terminer, who stood indicted for perjury. The defendant executed the bond as one of the sureties therein. The complaint contains the necessary averments to charge the defendant, on account of the non-appearance of Warren.

The answer sets up, among other things, in bar of the action, a former suit upon the same bond, wherein the complaint was dismissed after a trial upon the merits.

Upon the trial, before a justice of this court, without a jury, the defendant had a judgment in his favor; from which the plaintiffs appealed to the general term.

*Nahum S. Scott,* for the appellants.

*Walter W. Holt,* for the respondent.

DANIELS, J. This action was brought upon a recognizance taken before the special county judge of Chautauqua county and filed in the office of the clerk of that county. Sufficient was shown upon the trial to render the defendant liable for the amount of the recognizance, unless the plaintiff was precluded from maintaining the action by reason of a former judgment. That judgment was rendered in the defendant's favor in an action brought upon, and to recover the amount of, the same recognizance. The plaintiff, on the trial of that action, was unable to prove that the recognizance, which was in fact filed, before it was commenced, had been filed in the office of the county clerk, or that it had ever become in any sense a record of the court. And without proof of that fact, no action could lawfully be maintained upon it. (*People* v. *Van Eps,* 4 *Wend.* 388. *People* v. *Huggins,* 10 *id.* 465. *People* v. *Kane,* 4 *Denio,* 531, 535, 536.)

That action was tried upon an agreed statement of facts, before the court, without a jury, which with the plead-

ings, were submitted to the court for its decision. After due deliberation upon the case, the court found and decided " that the recognizance was never filed in, or made a record of, any court; that no record of such recognizance had been made in any court; that to maintain an action upon a recognizance it must appear that it was filed in or made a record of the court in which it is returnable; and that the complaint of the plaintiff be dismissed with costs." The judgment entered upon the decision recited and stated these findings and conclusions of fact and law, and then adjudged and directed that the complaint be dismissed with costs.

As the liability of the sureties in the recognizance was imperfect as long as the recognizance was not filed in the county clerk's office, or in any manner made a record of the court in which it was taken, the facts found and mentioned in the decision were of the very substance of the issue made by the pleadings. The case presented by the judgment in the former action is not merely one where the complaint was directed to be dismissed, but one in which the merits of the controversy were litigated, submitted and decided, and as a consequence thereof, the complaint was dismissed. In substance, therefore, it was a decision that the plaintiffs had no cause, or right of action, and that the defendant was therefore entitled to judgment. In order to justify or warrant a recovery in this action under the law as it is settled by the authorities already mentioned, it would be necessary that the court before which the trial was had should find that the conclusions contained in the decision and judgment in the first action were not true in point of fact, and that the converse of them was true. So that after a full hearing and consideration of the merits of the action as they were developed and exhibited by the proofs, it would appear from the records of this court, that the recognizance was not filed,

and was not made a record of the court in which it was intended to be taken.

Under the law relating to this subject, that cannot be permitted. The first decision, as long as it remains unreversed, and not in any manner vacated or annulled, is not only binding, but it is positively conclusive upon the parties to the action. Neither of them can be at liberty either to allege or prove that the facts put in issue in the previous action, and upon the trial of it adjudged and determined against the plaintiffs, were not true. And such an allegation, and the support of it by evidence, were necessarily required to maintain the plaintiff's right to recover in the present case. It would violate a long established and well settled rule of law to permit this to be done.

Where the decision and judgment contains but a simple direction that the complaint be dismissed, without any express finding of facts required to be negatived in order to warrant a recovery in the second action, it may be that the judgment should not be held to be a bar, which is all that was decided in the case of *Coit* v. *Beard*, (33 *Barb.* 357; 12 *Abb.* 462.) But even in a case like that, the question is not free from embarrassment and doubt, as will appear by what is said in the decision of the cases of *Robbins* v. *Wells*, (26 *How.* 15;) and *Audubon* v. *Excelsior Ins. Co.* (27 *N. Y. Rep.* 216, 221.)

But where the facts themselves are adjudicated and found, every reason exists, that the principle of evidence is founded upon, for concluding parties by the result of their previous litigation, for holding them to be estopped by such finding, so far as those facts themselves may be brought in controversy in the second action, and may be essential to the right of recovery therein. For as to such facts the parties have had their day in court, with a definite decision rendered upon them.

In the case of *Eastmure* v. *Laws*, (5 *Bing. N. C.* 444,) where it was insisted that a verdict in a previous action

was not conclusive as to the facts found by it, Tindal, chief justice, said in the course of his opinion, that "The question is whether after a precise issue on the same point has been found against the plaintiff, he may bring an action, and agitate the whole matter over again. There can be no doubt, if the plaintiff had sued the defendant for this sum in a former action, and after plea a verdict had been found against him, he could never have brought the matter again in question on the ground that he was not then prepared with evidence. Consistently with the decision of *Outram* v. *Morewood*, I cannot see how an estoppel can be set aside on the ground set up by this replication. In the case cited, which is reported, (3 *East*, 346,) Lord Ellenborough held that a recovery in any suit, upon issue joined on matter of title, is conclusive upon the subject matter of such title. "A finding upon title in trespass, not only operates as a bar to the future recovery of damages on the former injury, but also operates by way of estoppel to any action for an injury to the same supposed right of possession." "It is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel. The recovery of itself, in an action of trespass, is only a bar to the future recovery of damages for the same injury; but the estoppel precludes parties from contending to the contrary of that point, or matter of fact which having been once distinctly put in issue by them, has been on such issue joined, solemnly found against them." In *Marsh* v. *Pier*, (4 *Rawl.* 273,) it was held that "When a subject or question in controversy has been once settled by the judgment of a competent tribunal, it never ought to be permitted to be made the ground of a second suit between the same parties, or those claiming under them, as long as the judgment in the first suit remains unreversed. The case of *Smith* v. *Sherwood*, (4 *Conn. Rep.* 276,) is to the same effect. And so is *Demarest* v. *Darg*, (32 *N. Y. Rep.* 281.) (*See*

The People *v.* Smith.

*also,* 1 *Greenleaf on Evidence,* § 530; *and Miller* v. *Manice,* 6 *Hill,* 115.)

Within the rule maintained by these authorities, the finding in the previous action that the recognizance had not been filed, and had not become a record of the court of oyer and terminer in which it was taken, was conclusive upon the plaintiffs in the present one. And as long as the plaintiffs could not properly recover without establishing the converse of those findings, judgment was properly directed for the defendant.

In this respect this judgment very plainly differs from à mere judgment of nonsuit, which neither finds nor establishes any thing, and for the same reason it differs from a mere dismissal of the complaint. For it shows that the cause was submitted upon the merits, and not for a nonsuit, and that the merits of the controversy were passed upon and determined, and for that reason, solely, the complaint was directed to be dismissed. The judgment should therefore be affirmed.

BARKER, J. From the record and the proceedings had before the court, in the first action, it is at once apparent that such action was heard and disposed of on the merits, and an affirmative and positive judgment rendered therein, in favor of the defendant.

On the principle of *res adjudicata,* that action, and the judgment therein, is a legal bar to this.

It is argued by the counsel for the people, that the judgment being a dismissal of the complaint, its only effect is to nonsuit the plaintiffs, and it reserves to the plaintiffs the right to prosecute the action anew; that it being an action at law, the same legal effect is not given to the judgment dismissing the complaint, that is accorded to a like judgment in an action in equity.

Prior to the adoption of the Code, in the equity courts, where judgment was awarded to the defendant, after

hearing and upon the merits, it was the usual and settled formula, to decree the dismissal of the complainant's bill. In actions at law, the issues of fact were tried by a jury, and upon their verdict the judgment was entered, the judgment record reciting the verdict of the jury, and declaring the judgment of the court thereon. Thus by the record in the respective courts it appeared that the subject matter of the suit had been heard, tried and disposed of upon the merits, and a positive and final judgment rendered.

Since the distinction between actions at law and suits in equity, and the forms of all such actions and suits, are abolished and *the action* may be tried by the court, without a jury, when the same is so tried by the court, its judgment may be expressed in the same form and with like effect in both classes of action. Then, when questions similar to the one at bar arise, the record and the proceedings in the action will be examined to determine the effect of the judgment of the court, and if it appears to have been heard and determined upon the merits, and an express judgment given in favor of either party, upon the subject in issue, then it must be regarded as a final judgment, and will be received as evidence, to sustain a plea of a prior suit in bar.

In view of the fact that in practice, under the present system, what are termed actions at law, when tried by the court, without a jury, are heard and disposed of in the same manner as a suit of an equitable nature, no sound reason can be assigned, against decreeing judgment for the defendant, in the same words, and giving to them the same legal effect in both cases.

I am of the opinion that the judgment in the prior suit is a bar to this action; and this conclusion is sustained by the cases of *Audubon* v. *The Excelsior Insurance Company*, (27 *N. Y. Rep.* 216,) and *Bostwick* v. *Abbott*, (40 *Barb.* 331.) The latter case was an action of an equitable nature, but

The People *v.* Smith.

the court did not place the decision on that ground, but upon the fact that it appeared from the record that the case was disposed of upon the merits and the judgment dismissing the complaint must be regarded as a final judgment in favor of the defendants.

The case of *Audubon* v. *Excelsior Insurance Company*, was an action at law, and was tried before the court without a jury. The evidence of the parties being produced to the court, an order was made and judgment entered thereon, dismissing the complaint, with costs. Afterwards the court on motion, modified the judgment, so as to make the judgment in terms simply a nonsuit. In the second suit, this judgment was pleaded in bar, and its effect was fully discussed in the Court of Appeals, and Judge Denio, said that, but for the modification of the judgment, it would have been a complete bar.

To the contrary is the case of *Coit* v. *Beard*, (33 *Barb.* 357,) where it was said by the court at general term, in the first district, that a judgment dismissing a complaint, in an action at law, when tried by the court without a jury, was not a bar to another suit, on the same cause of action; that in all respects it is identical with a judgment of nonsuit. The court cite as authority the case of *Harrison* v. *Wood*, (2 *Duer*, 50,) where the court held that dismissing a complaint, on motion, for want of prosecution; was not a bar to a second suit. The court also cite the twenty-sixth and twenty-seventh standing rules of the court, as to the effect of a dismissal of the complaint. I do not concur in the views expressed in *Coit* v. *Beard*, and do not regard it as well considered. Hence it had not better be followed.

The judgment should be affirmed, with costs.

MARVIN and DAVIS, JJ. concurred.

[ERIE GENERAL TERM, September 7, 1868. *Daniels, Marvin, Davis* and *Barker*, Justices.]