WILLIAM H. TALBOT & others *vs.* NATIONAL BANK OF THF COMMONWEALTH.

Suffolk. March 16. — June 30, 1880. AMES & LORD, JJ., absent.

If a promissory note specifies no place of payment, a presentment of it for pay-ment at the former place of business of the maker, without any inquiry as to his place of residence, is not a good presentment to charge an indorser.

If an indorser of a promissory note, relying upon a notice received from a notary public that the note has been dishonored, and, being called upon to pay the note by a subsequent indorsee, pays it to him, when in fact a proper demand has not been made upon the maker, such payment is made under a mistake of fact, and an action for money had and received will lie for the amount so paid.

In an action for money had and received, interest is to be computed only from the date of the writ, in the absence of evidence of a demand for the money before bringing suit.

CONTRACT for money had and received. Writ dated June 11, 1879. The case was submitted to the Superior Court on agreed facts, in substance as follows :

On September 15, 1877, the plaintiffs were the owners of a promissory note for $642.79, dated Kalamazoo, Michigan, Sep-

tember 10, 1877, payable five months after date to the order of Patrick Reynolds, signed by John J. Mullen, and indorsed by Reynolds and by the plaintiffs. On the above day, the plaintiffs offered the note, with their indorsement, to the defendant bank, of which they were customers, for discount, in the ordinary course of business; and the same was discounted by the defendant, and the plaintiffs received the amount of the note less the rate of discount agreed on. On the day the note matured, the maker occupied a house in Kalamazoo and had had a place of business there, but did not have any there on that day. The defendant, before the maturity of the note, sent it to a bank in Kalamazoo for collection, and, not having been paid at maturity, the note was protested by a notary, who stated in his protest that he presented the note at a certain bank and " at the store lately occupied by John J. Mullen, and demanded payment thereof, which was refused;" and that due notice " that such note had been thus presented for payment, and that payment had been thus demanded and refused," and that the holder of the note would look to the indorser for payment, was sent by mail to the indorsers.

The note, after protest, was returned to the defendant, with the protest annexed; and the defendant called upon the plaintiffs as indorsers to pay the same. The plaintiffs, believing that a proper demand had been made on the maker, and that the note had been duly protested, paid the defendant the amount of the note, and took away the note with the protest annexed, the same being given up to them by the defendant simultaneously with the payment of the money. The plaintiffs did not know the contents of the protest, but, relying on the notice of dishonor sent them and the claim of the defendant, believed that the protest was good, and that they were bound to pay the note to the defendant. They then brought suit against the first indorser, Reynolds, at Kalamazoo, and, at the trial of that action, the above facts as to the protest, then first known to the plaintiffs, appearing, the court ruled that the note had not been properly protested, and that a verdict for the defendant would be ordered. Thereupon the plaintiffs became nonsuit; and, after a tender of the note to the defendant, brought this action.

The Superior Court ordered judgment for the plaintiffs for $713.48 ; and the defendant appealed to this court.

*J. R. Bullard*, for the plaintiffs.

*C. H. Drew*, for the defendant.  1. The amount of the note was not paid to the defendant under such circumstances as to entitle the plaintiffs to recover it back.  They had all the means of knowledge in relation to the demand and notice in their power.  The notarial protest in which the facts were fully set forth was put into their hands simultaneously with the paying of the money to the defendant; and the notice sent to them by the notary showed how the demand had been made.  The case therefore falls within the rule laid down in *Warren Bank* v. *Parker*, 8 Gray, 221, and differs from *Garland* v. *Salem Bank*, 9 Mass. 408.  See also *Cromer* v. *Platt*, 37 Mich. 132.

2. The plaintiffs, if entitled to recover, are entitled to interest only from the date of their writ.  *Ordway* v. *Colcord*, 14 Allen, 59.  *Garland* v. *Salem Bank*, 9 Mass. 408.

SOULE, J.  When the note matured, the maker occupied a house in Kalamazoo.  He had no place of business, and the note did not specify any place of payment.  It was payable, therefore, at his house.  It was not presented there for payment, nor to the maker elsewhere.  The presentment at the place in Kalamazoo which had formerly been occupied as a place of business by the maker, without any inquiry as to his place of residence, was not a good presentment, and did not show such diligent search for the maker, and failure to find him, as would excuse a want of presentment of the note and demand of payment.  *Garland* v. *Salem Bank*, 9 Mass. 408.  *Granite Bank* v. *Ayers*, 16 Pick. 392.  *Porter* v. *Judson*, 1 Gray, 175.  The note, therefore, was not dishonored, and the plaintiffs were discharged from all liability as indorsers.  They paid it under the supposition that it had been dishonored, and that their liability had been fixed.  They had received notice that it had been dishonored, signed by the notary, and forwarded to them by the defendant bank.  They had the right to rely on this notice, thus forwarded, as true, and the payment made by them in consequence was a payment made under a mistake of fact on their part, and they are entitled to recover the amount paid in this action.  *Garland* v. *Salem Bank, ubi supra.*

Interest on the amount paid by the plaintiffs is recoverable only as damages for the wrongful detention of the money by the defendant. Nothing in the facts agreed shows that the plaintiffs made any demand for the money before bringing suit. Under these circumstances, interest should be computed from the date of the writ only. *Ordway* v. *Colcord,* 14 Allen, 59.

*Judgment for the plaintiffs accordingly.*