·(30 App. Div. 498.)

## MARTIN et al. v. HOME BANK.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

PLEADING—AMENDMENT TO CONFORM TO PROOF.

    C. deposited with the defendant bank a check of a third party, indorsed by C., and, through defendant's delay in having it presented for payment, it was dishonored. Upon receiving notice, C. took up the check. Thereafter he brought an action to recover back the amount thus paid, the complaint alleging a deposit for collection, and defendant's failure to present with diligence. The answer alleged that the check was not deposited for collection, but as cash. This allegation being supported by the evidence, and it also appearing that when C. took up the check he knew nothing of the delay in presenting it, he was allowed to amend by alleging this lack of knowledge, and the fact that he was credited with the deposit as cash. *Held* that, as the basis of the action, in both the original and amended complaint, was breach of the contract to present in due time, the amendment was properly allowed, under Code Civ. Proc. § 723.

Appeal from trial term, New York county.

Action by Richard M. Martin and others, executors of William Campbell, against the Home Bank. From a judgment and an order denying a motion for a new trial, defendant appealed. Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

W. C. Beecher, for appellant.

John W. Boothby, for respondents.

RUMSEY, J. In the month of May, 1893, William Campbell, who was doing business under the name of William Campbell & Co., had an account with the defendant, a bank in the city of New York. On that day Mr. Campbell received from one Alfred Peats, upon an indebtedness due from him, Peats' check, dated that day, drawn upon Herman Schaffner & Co., of Chicago, Ill., for $4,925. This check was payable to the order of E. S. Ballou, and was by him indorsed to the order of William Campbell & Co. The 27th of May was Saturday, and the check was given to Campbell after banking hours on that day. On the following Monday, May 29th, Campbell indorsed the check, and deposited it to the credit of William Campbell & Co., and delivered it to the Home Bank, by whom it was received on that day. The day after the check was received by the Home Bank was a holiday, and nothing seems to have been done on that day; but on the 31st day of May the Home Bank indorsed the check to the order of the Fifth National Bank for collection, and put it in the clearing house to the credit of that bank. Just what was done by the Fifth National Bank with the check does not appear, except that, for some reason, it was delivered to the National Park Bank of the city of New York, and by it indorsed for collection, and sent to the Globe National Bank of Chicago, Ill. It was not received by that bank in time to present it for payment on the 2d day of June. The banking house of Herman Schaffner & Co., the drawees of the check, was a bank of deposit in the city of Chicago, Ill., and up to the close of business on the 2d day of June paid all checks that were drawn upon it by its depositors, in the ordinary course of business. On the 2d

of June the drawers of the check had a sufficient amount on deposit with Schaffner & Co. so that, if the check had been presented on that day, it would have been paid; but Schaffner & Co. ceased to do business at the close of banking hours on that day, and became insolvent, and when the check was presented, on the 3d of June, they had stopped payment, and the check was dishonored. After dishonor, it was returned to the Home Bank, which it reached on the 8th of June. On that day the cashier of William Campbell & Co. received notice from the Home Bank that the check had been returned dishonored, and, having no other information with regard to it, he drew the check of Campbell & Co. for the amount of Peats' check, with the protest fees, and delivered it to the Home Bank, and took up the check of Peats, which he had previously deposited with that bank. At that time neither Campbell & Co., nor his manager or cashier, had information as to the delay with regard to this check, and was not aware of the failure to present it in due course of business. After becoming aware of these facts, Campbell brought this action to recover the money which he had paid upon the check. The complaint upon which the parties went to trial alleged the receipt of the check by Campbell & Co.; that it was deposited for collection by Campbell & Co., with the Home Bank, the defendant, on the 29th of May, 1893; and that the defendant agreed with the plaintiff to present the check with due diligence to the drawee in the city of Chicago for payment, and demand payment thereof, and to use due diligence for the collection, for the plaintiff's account. The complaint then went on to allege the failure to present the check in accordance with the agreement, and the fact that the drawees suspended payment before the check was actually presented; that the check was dishonored, and the consequent loss to the plaintiff. The answer admitted the incorporation of the defendant, and denied all the other allegations in the complaint, except that the check was deposited with the defendant on the 29th of May, 1893. The answer then set up, as an affirmative defense, an allegation that the check was deposited by Campbell & Co. with the defendant as cash, and not for collection, and that it was received in that way by the defendant, and that, after it had been returned dishonored, the plaintiff, with full knowledge of all the facts, paid to the defendant the amount of the check and the protest fees. Upon this condition of the pleadings the parties went to trial. The facts were proved substantially as they were alleged in the complaint, except that it was clearly shown by the indorsement upon the check that it was deposited with the Home Bank on the 29th of May to the credit of William Campbell & Co., and not for collection. It was also shown that, after the check was returned, Campbell & Co. took it up, giving in return for it a check of Campbell & Co., which was received by the defendant as cash. No objection was made to any of this evidence. After the commencement of this action, and before the trial, Campbell died, and the action was continued in the name of his executors, the present plaintiffs.

The plaintiffs proved by the cashier and bookkeeper and manager of William Campbell & Co. that, when the check of Campbell & Co.

was drawn to take up the Peats check, neither of them had any knowledge as to what had been done with the Peats check, and that Campbell knew nothing at all of the matter. This evidence was objected to solely upon the ground that it was incompetent, irrelevant, and immaterial, but not upon the ground that it was not admissible under the pleadings. It was shown that the Peats check itself had been destroyed accidentally, after it had been taken up by Campbell & Co., and the proof of the check was made by copy. It appeared from that copy that the indorsement of Campbell was upon the check. At the close of the plaintiff's case, a motion was made to dismiss the complaint, and the plaintiff thereupon asked leave to amend his complaint to conform to the proof. That leave was granted, against the objection and exception of the defendant, and the complaint was amended by inserting an allegation that the plaintiff deposited the check with the defendant, and the same was thereupon credited to the plaintiff as cash on his account, and that, after the dishonor of the check, the defendant obtained the check of Campbell & Co. in the place of the check which was dishonored, and charged Campbell & Co. for the full amount of the money, without knowledge on the part of Campbell that the bank had neglected to charge anybody on the check of Peats. This amendment was objected to, upon the ground that thereby the cause of action was changed from a cause of action for negligence to an action upon a contract; and whether the amendment was properly allowed presents the more serious question in the case.

As the facts were set up in the complaint, there is no doubt that the cause of action was based upon the contract which was implied on the part of the defendant to use due diligence to present this check upon its receipt for collection and upon its liability for failure to perform that contract. The duty of the defendant bank, when it received the check, was to forward the check by mail for presentment to the drawee on the next business day after its receipt (2 Daniel, Neg. Inst. §§ 1590, 1592, 1594; Taylor v. Sip, 30 N. J. Law, 284, 294; Carroll v. Sweet, 128 N. Y. 19, 22, 27 N. E. 763); and if it failed to make such presentment, and the check was dishonored, because of such failure the indorsers of the check were discharged. Such is the law applicable to the check whether it was received for deposit or for collection. In either case, the contract was implied, and for a failure to perform the contract in either case the Home Bank became liable for any damages that accrued to Campbell & Co. The basis of the action as set out in the complaint was a breach of the contract to present the check in due time. The basis of the action as changed by the amendment was precisely the same thing. In each case the claim arose out of the same transaction. There was no claim on the part of the defendant that it was misled by the amendment, and no objection was taken to any of the proof offered to establish the cause of action as set out in the amended complaint, except the fact that neither Campbell nor his agents had been told of the failure to present the check in time; but the proof of that fact added nothing to the plaintiffs' case as it stood when it was closed, because, even in the absence of the testimony of

the manager and cashier of Campbell & Co., it was almost necessarily to be inferred that Campbell had, when this check was taken up by him, no knowledge of the failure to present it in time, since then he had received no information about it except the mere fact that the check had been dishonored. So that, as a matter of fact, the amendment of the complaint not only did not change the cause of action from an action for negligence to an action upon contract, but the additional facts must have appeared in the testimony given to establish the complaint as originally set out, and did appear substantially without objection. It is material, too, to consider that there was no disputed question of fact in the case. At the close of the case each party so admitted by moving for the direction of a verdict, thereby conceding that the right of the parties depended purely upon questions of law arising from undisputed facts. Kirtz v. Peck, 113 N. Y. 222, 21 N. E. 130. The right of amendment in these cases is controlled by section 723 of the Code of Civil Procedure, which authorizes the court, where the amendment does not change substantially the claim or defense, to amend the pleading by conforming it to the facts proved. The object of this section was that the court should, in furtherance of justice, disregard immaterial defects and mistakes in the pleadings, and the only limitation imposed as to the making of corrections is that they shall not affect the substantial rights of the adverse party. Bohlen v. Railway Co., 121 N. Y. 546, 550, 24 N. E. 932. In this particular case there can be no question that no substantial right is affected in the slightest degree. The whole story of the check had been presented to the jury practically without objection. The defendant knew the purpose for which the check had been deposited, and all that had been done with regard to it, and, indeed, almost all the facts had been correctly set out in the answer; thus showing that the defendant relied upon those facts for its defense, and those facts were proved substantially as they were alleged in the answer. The only difference was that the answer set up that the payment was made with full knowledge by Campbell of the delay in the presentation of the check, whereas the plaintiffs insisted that Campbell had no such knowledge. The facts showed clearly that no information of the facts had been given to Campbell or to any of his agents. Upon the whole case, therefore, it is quite apparent that the amendment did not vary or affect the substantial rights of the parties, and it is equally apparent that the court at the trial correctly decided the questions of law presented to it. When it appeared that the payment by Campbell was made without knowledge on his part of the delay which had occurred in the presentation of the check until the drawees had become insolvent, his right to recover could not be disputed. Lake v. Bank, 3 Abb. Dec. 10; Talbot v. Bank, 129 Mass. 67. When it was shown that the payment had been made by Campbell under these circumstances, the presumption is that he was damaged. 2 Daniel, Neg. Inst. § 1278a. The case, therefore, was properly decided in the court below, and the judgment and order should be affirmed, with costs. All concur.