THE UNITED STATES *v.* THE WIDOW, HEIRS, AND EXECUTORS, OF WILLIAM E. P. HARTNELL, DECEASED.

The law of Mexico, passed in 1824, directs that it shall not be permitted to unite in one hand, as property, more than one league of irrigable land, four leagues of farming land, and six for stock raising.

Therefore, where a person had obtained a grant of five leagues in Lower California, and another grant of eleven leagues in Upper California, and the Departmental Assembly held the law to be, that the Governor could not unite in the same hand more than eleven leagues, although it might be in different tracts, the grant in Upper California must be restricted to six leagues.

It was necessary to its being definitively voted, that the grant of the Governor should have the concurrence of the Departmental Assembly; and as they re duced it, taking off five leagues, this was the state of the title, as respected quantity, when the treaty with Mexico was made.

THIS was an appeal from the District Court of the United States for the northern district of California.

The facts are stated in the opinion of the court.

It was argued by *Mr. Stanton* for the United States, and by *Mr. Benham* for the appellees.

*Mr. Benham* made the following points:

I. The court will not go behind the grant for the Cosumnes to entertain the question how much land Hartnell had re ceived, because the recitals of the grant show that the law was satisfied. The grant is a judgment upon all questions of law and fact involved in the transaction which it consummated. The Mexicans always considered the granting of lands an adjudication; they spoke of them, when granted, habitually as *terrenos adjudicados.*

II. But if the court do entertain the question, we say:

1. The maximum restriction found in the twelfth section of the colonization law of 1824 has only the effect of forbidding the granting of more than eleven leagues in one grant. Any other construction is discountenanced by the policy and objects of that law; it could make no difference how many grants or how much land one man had, if he occupied and cultivated them.

2. The maximum restriction did not curtail Micheltorena's power. That power was extraordinary, and extended beyond what the law of 1824 gave; it applied expressly to colonization, and was coextensive with that of Santa Anna, which was *de facto* if not *de jure* dictatorial.

If Santa Anna's power was not dictatorial, he at least thought so, and Micheltorena thought so, and Micheltorena thought himself clothed with it, and exercised it to dispense with the maximum restriction. Hartnell thought so too, and gave the consideration of the grant, occupation and improvement. When the official held out that he possessed the power to grant, this court has confirmed, though he had no such power.

3. The estate was only voidable at the worst. It cannot be avoided in this proceeding. Every right or title unimpaired at date of cession, is protected.

Act 3d March, 1851, secs. 8, 11.

4. The estate is not voidable now in any proceeding. The law by which it could have been avoided is abrogated. It was political in its nature, and was abrogated upon the cession.

5. The grant must be confirmed for all the land. It is a patent. It can only be contradicted by matter of record. There is no matter of record which has that effect. The non-approval by the Departmental Assembly, as has been shown, though it may be regarded as matter of record, is not effectual to contradict it, because that act is not competent to divest the estate.

The other patent, (for Todos Santos y San Antonio,) which disclosed the fact that Hartnell had already received a large quantity of land, cannot be entertained as evidence for that purpose. It is *dehors* the patent for the Cosumnes land. If our patent for Cosumnes granted more than eleven leagues, then the illegality might be considered; but being legal on its face, it cannot be invalidated but by judgment in denouncement or office found. Our allegation that we have had more land has no effect, for the question is not involved in the case.

4 Bibb, p. 330.

7 B. Monroe, p. 81.

6. The grant must be confirmed, because the court cannot know whether the grant for Todos Santos y San Antonio will be confirmed or not. The decree of the District Court dismissed so much of the appeal as affected Todos Santos y San Antonio, as has been stated; and if prosecuted, it had to be done in the southern district of California. Whether any appeal has been taken from the land commission's decree relative to that grant does not appear, nor can appear, as no new evidence can be taken here.

7. The maximum restriction did not affect the validity of the grant. On the contrary, the grant was good in every part. No invalidity could attach to the grant as affecting any particular portion of the land, until some proceeding, diminishing the quantity, and segregating the portion withdrawn from the residue, was had.

8. The maximum restriction did not apply to Mexican citizens.

Mr. Justice CATRON delivered the opinion of the court.

Hartnell got a grant from Governor Alvarado, dated June 28, 1841, for a body of land lying in Lower California. The quantity is not specified in the grant, the out-boundaries only being designated.

In November, 1844, he obtained another grant for eleven square leagues, lying in Upper California. Both claims were duly set forth in a petition seeking confirmation, before the board of land commissioners, and they were confirmed, with modifications—the lower grant to the extent of five leagues, and the upper for six leagues.

From this decree the parties appealed, and brought their cause to the District Court, held at San Francisco. That court, sitting in the upper district, had no jurisdiction to re-examine the judgment of the board, as respected the five leagues confirmed in the district of Lower California; and as to that tract, the appeal was dismissed, and therefore that title stands confirmed.

There being cross appeals, the question arises here, whether the upper grant should be confirmed for six leagues or for

eleven—the grant of the Governor calling for the latter quantity.

The District Court adjudged six leagues as the proper quantity; and on this single point the cause comes before us—both parties being satisfied with the decree below in all other respects.

The narrow question is, had the Governor of California power, in 1844, to grant gratuitously, for the purposes of tillage, inhabitancy, and pasturage, more than eleven leagues of land to any one person? Section 12 of the law of 1824 provides, that it shall not be permitted to *unite* in one hand, as property, more than one league of irrigable land, four leagues of farming land, not irrigable, and six for stock raising.

Both titles of Hartnell were brought before the Departmental Assembly. That body held the law to be, that the Governor could not "unite in the same hand" more than eleven leagues, although it might be in different tracts; and so reported to him.

The public *domain* was the property of the Mexican nation, and those who were enabled to displace that title, separate portions of it from the public lands, and vest such portions into individual proprietors by perfected titles, could only do so in the exercise of sovereign power, because the public title was a sovereign right; and agents who assumed to exercise this authority must show that they represented the nation. The Governors of California do not show that they did represent the nation, so as to *conclusively* bind it; to have this effect, the Governor's grant must have the concurrence of the Departmental deputation. It follows, that the Assembly was the controlling power, and could reform or *nullify* the Governor's grant; and having reformed it to the extent of five leagues in the case before us, the claimant came in under the treaty of peace with Mexico, having no interest in these five leagues. 8 How., 303, 304.

We have no doubt that the Departmental Assembly, the board of commissioners, and the District Court, construed the law of 1824 (section 12) correctly, and order the decree below to be affirmed in all its parts.