Jones, J.
At the time of the decision of this cause, it was the law of this court, that the dismissal of a complaint in an action such as this, and under the circumstances of this dismissal, had no greater or further force than that kind of judgment which, prior to the passage of the Code, was denominated a judgment of nonsuit, and did not bar a subsequent action for the same cause. (Harrison v. Wood, 2 Duer, 50.) This decision has never been distinctly overruled by the Court of Appeals; nor has it been changed or modified by any decision of this court. There cannot be the slightest' doubt of the correctness of that doctrine, and were it not possible that either other courts, to which the plaintiffs might resort, or the Court of Appeals, might hereafter give to the term. “ dismissing the complaint,” when used under circumstances like the present, an effect and operation different from that given to them by this court, this motion ought to be denied as wholly unnecessary. But as other courts, and the Court of Appeals, may regard a judgment, “ that the complaint be dismissed,” without any qualification annexed thereto, as a decision on the merits, and therefore a bar to a subsequent action for the same cause, (notwithstanding it were rendered under circumstances like the present,) I am disposed so to amend the judgment, as in terms to give to the decision of the judge, the effect, in express terms, *227 which this court ascribes to it as being implied therein, if it can be done without prejudice to the rights of the defendants, I do not see how such amendment can prejudice any of the defendants’ rights. The decision of the judge as given, must be.regarded as made in view of the established doctrine of the court, that its effect was merely that of a nonsuit, as it was formerly termed. All, then, that the defendants are entitled to is a judgment that shall have such effect and no more. The judgment, as it now stands, has in this court that effect, and no more. So far as it is concerned, there is no necessity for expressing that effect in terms, but merely to guard against the possibility of other courts giving it a different one, it may be well that such limited effect should be so expressed. This does not affect any right of the defendants; they cannot be allowed to use this judgment elsewhere with greater effect than they can use it in this court. As the effect of a nonsuit in actions at law was merely to determine the then pending action without barring a subsequent one for the same cause, that of the judgment in this case may be. delared in terms as if it were a nonsuit under the old mode of proceeding, by inserting after the word “ adjudged ” “ that the complaint herein be, and the same hereby is dismissed without prejudice to the right of the plaintiffs to commence a new action,” and the amendment may be made nunc pro tuno.
Ordered accordingly, without costs.