CLARK B. WHEELER, Respondent, *v.* ELISHA RUCKMAN, impleaded, etc., Appellant.

Where upon the trial of a legal action, at the close of the testimony upon both sides, the complaint is dismissed, this is no bar to another action for the same cause.

Plaintiff sued as indorsee and owner of a promissory note. It appeared upon the trial that after the time when he claimed the note was transferred to him, he, as attorney, brought suit thereon in the name of the payee, which action was discontinued. *Held*, that while the testimony was pertinent and proper to be considered by the jury in determining the question as to when plaintiff acquired title, he was not estopped thereby from claiming title at the time of the commencement of such action.

(Argued September 25, 1872; decided January term, 1873.)

APPEAL by defendant, Ruckman, from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 35 How. Pr., 350; 5 Robt., 702.)

This action was upon a promissory note, dated January 8, 1852, made by defendants, Ruckman and Lake, payable to one Russell, and indorsed and transferred by Russell to the plaintiff. The facts bearing upon the question discussed appear in the opinion.

*John C. Dimmick* for the appellant. The judgment in the first action in the Superior Court is a bar to this action. (*Dwight* v. *St. John*, 25 N. Y., 203; *Audubon* v. *Excelsior Ins. Co.*, 27 id., 216.)

*Amasa J. Parker* for the respondent. The dismissal of the complaint by Judge WOODRUFF, and the judgment for costs entered thereon, and the action in the Marine Court, were no bar to recovery here. (2 Cowen & Hill's Notes, 804, 810; 4 Phil. Ev., C. & H. Notes, part 2, pp. 13, 40, 839, 840; *Wright* v. *Sanders*, 36 How., 136; *Wilcox* v. *Lee*, 26 id., 418; *Dexter* v. *Clark*, 22 id., 289; *Coit* v. *Bland*, id., 2; *Walsh* v. *Kelly*, 27 id., 359; affirmed, 40 N. Y., 556; *Win-*

*field* v. *Potter*, 38 id., 67; *Mayher* v. *Carman*, id., 25; .*Fountain* v. *Pettee*, id., 184; *Fay* v. *O'Neil*, 36 id., 11; *Lyon, Ex'r*, v. *Mitchell*, id., 235, 683; *Kerr* v. *Hays*, 35 id., 331; *Mayor* v. *Badger*, 34 id., 24; *Chamberlain* v. *Pratt*, 33 id., 47, 52; *Rider* v. *U. Ins. Co.*, 28 id., 379, 382; *Audubon* v. *Ex. Ins. Co.*, 27 id., 216; *Caldwell* v. *Murphy*, 1 Kern., 416; *Holbrook* v. *R. R. Co.*, 2 id., 236, 244, 245; *Kluender* v. *Lynch*, 4 Keyes, 361; *Wright* v. *Paige*, 3 id., 581; *Shaw* v. *Smith*, id., 316; *Wright* v. *Sanders*, id., 323; *Moss, Adm'r*, v. *Brisbane*, id., 453; *Walsh* v. *Kelly*, 42 Barb., 98; affirmed, 40 N. Y., 556; *Williams* v. *Birch*, 6 Bosw.; affirmed, 2 Trans. App., 133; *Willets* v. *Sun Mut. Ins. Co.*, 45 N. Y., 45.)

EARL, C. Before the commencement of this action the plaintiff commenced an action in the Superior Court of the city of New York against these same defendants upon this note, and the defendant, Ruckman, appeared and answered. The action was brought to trial before a judge and jury. After evidence had been given upon both sides, the judge, upon motion of defendant's counsel, dismissed the complaint, refusing to submit any question of fact to the jury, and judgment was entered in favor of the defendant for costs. Afterward this action was commenced, and defendant, Ruckman, set up in his answer and claimed upon the trial that judgment as a bar to this action.

Under the practice, prior to the Code, it was held that a plaintiff could be nonsuited after all the evidence on both sides had been received and both parties had rested. (*Jansen* v. *Acker*, 23 Wend., 480; *Rudd* v. *Davis*, 3 Hill., 287.) In this case it appears that after evidence had been given by both parties in the prior suit the court dismissed the complaint because the plaintiff failed to produce evidence enough to maintain the issue on his part. The dismissal was for the same cause for which a nonsuit might have been granted, and I see no reason for not treating it in the same way and giving it the same effect; the prior judgment was not, therefore, a bar to the recovery in this action. (*Harrison* v. *Wood*, 2 Duer, 50;

*Mechanics' Banking Association* v. *Mariposa Co.*, 7 Rob., 225 ; *People* v. *Vilas*, 3 Abb. [N. S.], 252 ; *Dexter* v. *Clark*, 22 How., 289 ; *Coit* v. *Beard*, 33 Barb., 357.) If that had been an action for equitable relief, the rule would have been otherwise.

After the time when the plaintiff claims he became the owner of this note he commenced an action against the makers thereof in the Marine Court of the city of New York in the name of Russell, the payee thereof, as plaintiff. In that action the complaint was dismissed and the plaintiff appealed to the Court of Common Pleas, in the city of New York, and the judgment was reversed, and that ended that action. It is now claimed, on the part of the appellant, that the plaintiff is estopped by the proceedings in that action from claiming that he, at the commencement of that action, owned the note. That action is not pending, and the judgment therein has been reversed, and hence it can, in no way, be claimed to furnish a bar to this action ; and I am unable to see how that action in any way estops the plaintiff in this. It simply shows that he at that time, as one of the attorneys for the plaintiff in that action, made a claim which is inconsistent with the claim of title to the note which he sets up in this, and, so far, it affects his credit as a witness, and discredits the claim he makes in this action, and it can have no other effect. The plaintiff in this action gave his explanation, as a witness, of the reasons which induced him to commence that action in the name of Russell ; and this explanation, with all the other evidence, went to the jury, and it was for them to determine, as a question of fact, whether the plaintiff obtained title to the note at the time he claimed he did.

The only other points to which our attention was called, upon this argument, related to rulings of the judge at the trial upon questions of evidence, and these I will briefly consider.

Defendant's counsel asked the plaintiff, as a witness, upon his cross-examination, the following question : " Did you draw the complaint in that case ?" This question was objected to

and excluded. The question had relation to the complaint in the action commenced in the Marine Court, which alleged that Russell was the owner of the note. If there was any error in the exclusion of this question, it was subsequently cured, as the witness afterward testified that he thought his brother drew the complaint.

The following question was also put to the same witness by defendant's counsel, and excluded: "Did you not on that trial" (meaning the trial of action in the Marine Court) "claim that Robert P. Russell was the owner of the note?"

This question was competent, and I can perceive no reason for excluding it. There was a serious controversy upon the trial of this action whether or not the plaintiff owned the note in suit, and hence this question had quite a direct bearing upon that controversy. But I do not think for this error the judgment should be reversed. The evidence called for by this question was merely cumulative upon a point that could not be disputed. It was undisputed that the plaintiff commenced an action in the name of Russell upon this note against the defendant in the Marine Court, alleging that the note belonged to him. The plaintiff substantially admitted that he made such a claim in that suit, and gave his explanation for doing so. That suit, instituted by this plaintiff, was an unequivocal claim that the note then belonged to Russell, and it would not have strengthened defendant's case in this action if he had been permitted to show that plaintiff claimed upon the trial of that action that the note belonged to Russell. I hold, therefore, that this error did not injure the defendant, because it was an offer to prove a fact that was not and could not be disputed.

The following question was also put to the same witness, and excluded: "You know from the former trial that defendant disputed the transfer of this note on the 4th of February, 1854, did you not?".

I cannot perceive the precise purpose of this question. There was no particular reason for excluding it. It would have been better to have received it, and yet I cannot see how

its answer could have aided the defendant. The counsel for defendant should have called the attention of the court to the object of the evidence, so that it could see wherein the question was important.

I have therefore reached the conclusion that no error was committed upon the trial of this action calling for a reversal of the judgment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.