THE PEOPLE ex rel. GEORGE W. OSTRANDER et al., Appellants, *v.* ALFRED C. CHAPIN, Comptroller, etc., Respondent.

On a cancellation by the comptroller, pursuant to the act of 1855 (§ 85, chap. 427, Laws of 1855), of a sale of lands for taxes, made after the execution of a deed to the purchaser at the tax sale, and after the purchaser has sold and conveyed the lands, the right to the money paid by the purchaser on his purchase at the tax sale is vested in his grantee; it is an interest connected with the tax title, which follows it, unless excluded by the terms of the deed.

(Argued March 13, 1888; decided April 10, 1888.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made November 15, 1887, which affirmed the proceedings of Alfred C. Chapin, comptroller of the state, denying the petition of the relators for the refunding of the purchase-money paid for lands upon a sale for taxes which has been declared invalid. (Reported below, 46 Hun, 383.)

The petition upon which the *certiorari* was granted discloses that, at the state tax sale of 1859, certain lands in Essex county were sold to one Orson Richards, who, after receiving a deed from the comptroller, conveyed them, by warranty deed and otherwise, to various parties. Subsequently said Richards died intestate and administrators of his estate were duly appointed. In January, 1885, the comptroller, having discovered that said sale was invalid, duly canceled the same and ascertained the amount of the purchase-money paid for the lands and the interest thereon as required by law. In December, 1885, the sole surviving administrator of said Richards duly assigned said purchase-money to one James P. Marsh, who afterwards, for a good and valuable consideration, duly assigned the same to the relators, who presented to the comptroller a duly verified claim therefor. This claim was rejected on the ground that the applicants failed to show that the title to the lands in question was at that time vested in them, but, on the contrary, it appeared that the purchaser,

after receiving the comptroller's deed, sold and conveyed various parcels of the land and mortgaged the residue, and that the mortgage had been foreclosed.

*Arthur L. Andrews* for appellants. The only ground of claiming that the money should be refunded is the total failure of title from the sale. (Laws 1855, chap. 427, §§ 83, 85.) The deeds given by Orson Richards do not operate as an equitable assignment of the purchase money. (Gerard's Titles to Real Estate, 486 ; *People ex rel. Ostrander* v. *Chapin*, 105 N. Y. 309, 314.) The rule of *caveat emptor* applies to the purchaser at a tax sale. (Cooley on Taxation, 329, 375.) The conveyances passed no greater estate or interest than the grantor himself possessed at the time of executing them. (1 R. S. 739, § 143 ; Gerard's Titles to Real Estate, 525 ; *Veila* v. *Rodrigue*, 12 Wall. 323 ; *U. S.* v. *Shirly*, 12 Fed. Rep. 894 ; *May* v. *Le Claire*, 11 Wall. 232.) As no intent to pass title to the moneys appears in the instruments, it would violate the statute against implied covenants to imply one. (1 R. S. 738, § 140.)

*Charles F. Tabor*, attorney-general, for respondent. Although the deed to Richards failed to convey title, and thereby a fee was not transferred to his grantees, still the deeds from him conveyed any and all interests he had. (*Jackson* v. *Bowen*, 7 Cow. 13 ; *Robinson* v. *Ryan*, 25 N. Y. 320 ; *Klock* v. *Buell*, 56 Barb. 398 ; *Danforth* v. *Suydam*, 4 N. Y. 66 ; *Finney* v. *Ford*, 22 Wis. 173.) The deed from the original purchaser carried with it all rights, claims, securities and equities held and possessed by him, and which were intended to be conveyed to him. (*Oneida Bk.* v. *Ontario Bk.*, 21 N. Y. 490.) A multiplicity of actions should be prevented and Richards' grantees should be declared to be within the term "assigns" mentioned in the statute. (*People ex rel. Millard* v. *Chapin*, 40 Hun, 386.)

ANDREWS, J. The sole question is whether on a cancellation by the comptroller, pursuant to section 85 of chapter 427 of the Laws of 1855, of a sale of lands for taxes, made after a

conveyance had been executed by the comptroller to the purchaser at the tax sale, and also after the purchaser had mortgaged and conveyed by warranty deed, the lands purchased on the sale, the right to the money paid by the purchaser on his purchase at the tax sale, which money, by section 85, the comptroller is directed to refund out of the state treasury to the "purchaser, his representatives, or assigns," is vested in the original purchaser, or in his grantees, or mortgagees. The question is not free from difficulty. In *People ex rel. Millard* v. *Chapin* (40 Hun, 386), the court of the second department sustained the right of the grantee under circumstances similar to those in the present case, and the court from which the present appeal is taken concurred in this view. The right to the moneys, in whomsoever vested, is given by and depends upon the statute. It does not accrue to any one until the sale is annulled by the comptroller. The money paid on the purchase at a tax sale is paid for the land, and the purchaser accepts, in the first instance, a certificate and afterwards, unless the land is redeemed, a deed from the comptroller, as a substitute for the money paid. The failure of title, as was said in *People ex rel. Ostrander* v. *Chapin* (105 N. Y. 309), is the essential ground upon which the state makes restitution. It would seem to comport with the equity of the statute that restitution should be made to the person who, at the time of the ascertainment of the invalidity of the tax sale and its cancellation, holds the land under the tax title, whether he be the original purchaser or his grantee. He is the person, presumptively, who is injured by having his title set aside as invalid, and the person who, it would seem, is equitably entitled to be paid what was received by the state for the title so annulled.

We think the case of *People ex rel. Ostrander* (*supra*), substantially decides the question now presented. It was held in that case that the assignee of the certificate of sale, issued by the comptroller, was the person who, under the eighty-third section of the act of 1855, was entitled to recover the money paid by the purchaser to the state on an invalid tax sale in a case where no conveyance had been made by the comptroller.

It certainly would not have placed the claimant, in that case, in a worse position if, before the discovery of the invalidity of the sale, the comptroller had, pursuant to the certificate, conveyed to him the land. The merger plainly would not have extinguished any right to the purchase-money which was vested in him as assignee of the certificate. We think the grantee of the original purchaser is an assignee within section 85 of the act of 1855. There are cases having some analogy to the present one which tend to support our conclusion. (*Jackson* v. *Bowen*, 7 Cow. 13; *Robinson* v. *Ryan*, 25 N. Y. 320; *Danforth* v. *Suydam*, 4 id. 66.) When the conveyance is with warranty the sum received will diminish the grantor's liability on his covenant; and if the deed is a quit-claim merely, the right under the statute to have the money paid on the tax sale refunded is, we think, an interest connected with the tax title, and which follows it, unless excluded by the terms of the deed.

The order should be affirmed.

All concur, except DANFORTH, J., not voting.

Order affirmed