John A. McDougall, Appellant, v. The State of New York, Respondent.

In 1869 the property of McD. was damaged by negligence on the part of state officers having charge of the Erie canal. In 1870 McD. presented a claim for such damages under the act of that year (Chap. 231, Laws of 1870), which was brought to a hearing in 1873 before the canal appraisers. Upon objection being made, on behalf of the state, that one V. was joint owner with the claimant of the property damaged, the latter withdrew the claim. The appraisers, however, without further submission of the claim, and without further notice to the claimant, in 1875 made a decision awarding nothing. McD. appealed to the Canal Board. At a meeting of the board held in 1877 the appeal was called, and McD. not appearing it was dismissed. Nothing further was done by claimant until 1886, when an act was passed (Chap, 510, Laws of 1886), giving the Board of Claims jurisdiction to "rehear, audit and determine" the claim "in like manner as though said claim had been filed within the time limited by section 7 of chapter 205 of the Laws of 1883," and exempting said claim "from the limitation contained in said section." The claim was filed in June, 1885, before the Board of Claims, who, upon a hearing thereof, decided that it was barred by the statute of limitations. *Held*, no error; that the claim was barred by the Constitution (art. 7, § 14); that upon withdrawal thereof in 1873 the statute began to run against it, and the subsequent ineffectual proceedings did not revive it or suspend the running of said statute; that the act of 1886 did not abolish any limitation except that of two years contained in the act of 1883, and did not annul the act of 1870 (Chap. 231, Laws of 1870), which created a liability for such injuries on the part of the state, nor did it repeal the limitations contained therein;

that it simply authorized the Board of Claims to rehear the claim, subject to the application thereto of such other existing statutory or constitutional limitations as would bar an action or claim between individuals or an individual and the state.

It was urged, on behalf of claimant, that the act of 1886 should be construed as reopening the hearing before the Canal Board and authorizing a new hearing before the Board of Claims, which would be in the nature of a continuance of the original claim. *Held*, untenable; that the said act simply conferred authority upon the Board of Claims to rehear the claim freed from a particular limitation; that if it was intended by the act to authorize, directly or indirectly, the audit or allowance of a claim against which the statute had once run, the legislature in enacting it exceeded its constitutional power.

(Submitted February 27, 1888; decided April 10, 1888.)

Appeal from an award of the Board of Claims made December 29, 1886.

The claim was for damages for injuries to real and personal property of the claimant caused by the alleged negligence of the officers of the state in charge of the canals. The facts are sufficiently stated in the opinion.

*Willis J. Benedict* for appellant. When the state, to a just claim, has no better or other defense than the statute of limitations, it should, at least, both upon the law and the facts, establish that defense with reasonable clearness and certainty. (*Corkings* v. *State*, 99 N. Y. 499; *McMasters* v. *State*, 103 id. 555.) It was competent for the legislature to recognize, as it did by chapter 510 of the Laws of 1886, this claim and to waive, on behalf of the state, its insistence on such judgment under the award in favor of the state. (*In re N. Y. El. R. R. Co.*, 70 N. Y. 327; *Cole* v. *State*, 102 id. 48, 53, 54.) It was competent for the board to have permitted the petition to be amended, even though the effect of such amendment might have been to defeat a plea of the statute of limitations. (*Hatch* v. *Central Nat. B'k*, 78 N. Y. 487.) When a statute is challenged as being in conflict with the fundamental law, a clear and substantial conflict must be found to exist to justify its condemnation. (*In re N. Y. El. R. R. Co.*, 70 N. Y. 342; *In re Gilbert El. R. Co.*, id. 367; *People* v. *Albertson,*

55 id. 54; *People* v. *Supervisors of Orange Co.*, 17 id. 241; *Warner* v. *Beers*, 23 Wend. 166; *People* v. *Briggs*, 50 N. Y. 553.) There is nothing in any section of the Constitution which interferes with the unlimited power of the legislature to enact and repeal as many statutes of limitations as it pleases, and the power to repeal includes the power of suspension of, or exemption from such a statute. (*Evans* v. *Cleveland*, 72 N. Y. 486; *Holsman* v. *St. John*, 90 id. 461; *Hatch* v. *Central Nat. B'k*, 78 id. 487; *In re N. Y. El. R. R. Co.*, 70 id. 327; *People* v. *Petrea*, 92 id. 141; *People* v. *Denison*, 19 Hun, 137; affirmed, 80 N. Y. 656; *Smith* v. *People*, 47 id. 340; *O'Gorman* v. *Mayor, etc.*, 67 id. 493; *People* v. *Smith*, 69 id. 186; *People* v. *Morrison*, 78 id. 84–89.) By amending a repealed law the legislature recognized that the repealed law is still in force. (*People* v. *Morrison*, 78 N. Y. 84–89; *Whipple* v. *Christian*, 80 id. 527.) After suit commenced, no matter how long the case may have lain "dormant," it was not affected by any statute of limitations. (*Evans* v. *Cleveland*, 72 N. Y. 486; *Holsman* v. *St. John*, 90 id. 461.)

*Charles F. Tabor*, attorney-general, for respondent. The statute of limitations provided by section 14, article 7 of the Constitution, is a complete bar to the enforcement of this claim, and the act of 1886 is ineffectual to aid the claimant. The award made in 1875 was not such a judgment as the state could have pleaded in bar of any subsequent claim filed and presented by the claimant for the same injury. (*Wheeler* v. *Ruckman*, 51 N. Y. 391; *Watson* v. *Cowdrey*, 23 Hun, 169; *Gillian* v. *Spratt*, 41 How. Pr. 27; Code of Civ. Pro., § 1209.)

Ruger, Ch. J. The claim of the appellant seems to have been a meritorious one in its origin, and, except for his inexplicable laches, would, from a consideration of its circumstances, naturally induce a court to afford relief, if it was in their power to grant.

We are, however, of the opinion, from a careful examination of the Constitution and statutes, that relief cannot legally be given to him. The claim was, in brief, for damages for

injuries inflicted upon certain real and personal property belonging to the claimant, through the negligence of the state officers in charge of the canals, by improperly opening the lock-gates at Tonawanda and causing the water therein to overflow its bank and flood the claimant's premises and injure his property. The damages were claimed to have been inflicted in April, 1869, at which time the state had provided neither a tribunal for the trial of such cases, nor a law fixing the liability of the state therefor, and parties injured in the manner referred to, had then no relief for such injuries except by an appeal to the legislature. (*Lewis* v. *State*, 96 N. Y. 71.)

By chapter 231 of the Laws of 1870, passed April twenty-seventh of that year, the canal appraisers were authorized to hear and determine claims of this character arising within two years before the presentation of the claim, and award such damages, subject to an appeal to the Canal Board, as should be just and equitable, in cases where the evidence would create a liability, as against an individual or corporation. In the case of claims arising more than one year previous to the passage of the act, the claimant was required to present his claim within one year thereafter. The jurisdiction of the appraisers over such claims continued until 1883, when the offices of canal appraisers and of the state board of audit were abolished by section 12, chapter 206 of the laws of that year, and the Board of Claims was established and was given authority to "hear, audit and determine all private claims against the state which shall have accrued within two years prior to the time when such claim is filed, where such claim shall not have been determined on the 1st day of June, 1883, nor be barred by any existing statute." It was further provided that "all claims against the state then pending before the canal appraisers or before the state board of audit shall be and hereby are transferred to the Board of Claims."

The state board of audit was created by chapter 444 of the Laws of 1876, but this claim was never filed before that board. The claim in question was, however, filed before the canal appraisers on June 11, 1870, and came to a hearing

before them on May 17, 1873. After some documentary evidence had been given in favor of the claim, the counsel for the state raised a question that one Vincent was a joint owner with the claimant of the property damaged; whereupon the claimant personally, in open board, declared the claim withdrawn. No objection to this course was taken by counsel for the state, and no further proceedings were then had. The appraisers, however, without any submission of the claim by the claimant, and without notice to him of a further hearing, on May 27, 1875, made an award, by which they determined that nothing was due the claimant. This award did not proceed upon the merits, and operated only to sanction the action of the claimant in withdrawing his claim. On the eleventh of December thereafter the claimant appealed to the Canal Board from the determination of the appraisers, and, at a meeting of such board, held January 30, 1877, the appeal was called and the claimant not appearing, it was dismissed.

Nothing further was done by the claimant in the prosecution of the claim until the year 1886, when he procured the passage of chapter 510 of the laws of that year, by which the Board of Claims was given "jurisdiction to rehear, audit and determine the claim of John A. McDougall against the state in like manner as though said claim had been filed within the time limited by section 7 of chapter 205 of the Laws of 1883, and the said claim is hereby exempted from the limitation contained in said section." This act did not attempt to create any new limitation upon such claim, or abolish any old one except the two years limitation contained in the act of 1883. It did not purport to amend the statute of 1870, which alone creates a liability for such injuries on the part of the state, or to repeal the provision therein which restricts such liability to damages occurring within two years previous to the presentation of the claim. The plain meaning and effect of the act was, therefore, merely to confer authority upon the Board of Claims to rehear the claim of McDougall, notwithstanding the limitation in the act organizing the board, subject to the application thereto of such other existing statutory or consti-

tutional limitations as would bar an action or claim between individuals, or an individual and the state, and subject also to any legal defense to a claim of that character. The claim was on June 7, 1886, refiled before the Board of Claims and a rehearing was had thereon before such board; whereupon they held that it was barred by the statute of limitations, and made their award in favor of the state. From this award an appeal is taken by the claimant to this court. In support of the award it is argued by the attorney-general that at the time of the hearing, the claim was barred by the provisions of section 14, article 7 of the Constitution, adopted in 1874, as an amendment thereof, and reading as follows: "Neither the legislature, Canal Board, canal appraisers, nor any person or persons acting in behalf of the state, shall audit or allow or pay any claim which, as between citizens of the state, would be barred by lapse of time. The limitation of existing claims shall begin to run from the adoption of this section, but this provision shall not be deemed to renew claims already barred by existing statutes, nor to repeal any statute fixing the time within which claims shall be presented or allowed, nor shall it extend to any claim duly presented within the time allowed by law and prosecuted with due diligence from the time of such presentment."

It was assumed on the argument that the period of statutory limitation for actions of this character as between citizens of the state, would be six years. A plain enumeration of the dates of the several proceedings taken by the claimant after his claim arose, shows that more than six years elapsed between the time when no prosecution was pending against the state, and the passage of the act of 1886, and that such a claim as between citizens of the state would then have been effectually barred. Giving the most favorable effect for the claimant to the proceedings taken by him before the canal appraisers and the Canal Board, and holding that he was at liberty, as he undoubtedly was, to prosecute his claim against the state after the final award made by the Canal Board in 1877, nine years elapsed before he took any steps in that direction.

Assuming that his action in withdrawing his claim from the canal appraisers in 1873 deprived them of jurisdiction to make any award thereon, and left him then at liberty to prosecute his claim through other proceedings, a still longer time elapsed in which he was guilty of laches in its prosecution.

It is urged by the claimant that this claim, was exempted from the operation of the constitutional amendment of 1874 by the provision therein that it should not " extend to any claims duly presented within the time allowed by law and prosecuted with due diligence from the time of such presentment." It is not claimed even by the appellant that the claim was prosecuted with due diligence after its presentation, and if such claim should be made it would be nugatory, as there is no support for it in the evidence. But we are further of the opinion that having withdrawn his claim in 1873 from the board of appraisers the statute of limitations then began to run against it, and that the subsequent ineffectual proceedings therein did not revive the claim or suspend the running of the statute. They would certainly have constituted no bar to an action by one citizen against another, and by the express language of the Constitution would, therefore, be inoperative as a bar in favor of the state. (Code of Civil Pro., § 1209; *Wheeler* v. *Ruckman,* 51 N. Y. 391.)

It is also argued by the claimant, in analogy to the practice of courts of law in opening judgments, and authorizing further proceedings in the action, that the act of 1886 should be construed as reopening the hearing before the Canal Board and authorizing a new hearing before the Board of Claims which should be in the nature of a continuance of the original claim. But it would seem to be a great stretch of authority to give such a construction to the act, and would require us to hold that the prosecution has been always pending after its presentation, although there has been a final determination upon the claim which has never been set aside, opened or disturbed by the tribunal rendering it. There is but little analogy between the proceedings and practice of courts of law and proceedings

before the Canal Board.   The former are permanent tribunals, having a continuous existence, governed by established principles of law, and proceeding upon settled rules of practice. The latter do not possess the authority belonging to courts and have no power, so far as we can find, to reopen an award after a final determination has been made and announced. But even if they had power they have not exercised it, and the legislature did not assume to reopen the old prosecution, but simply conferred authority upon the Board of Claims to rehear the claim freed from a particular limitation.   The effect of this provision would doubtless preclude the state from setting up the award of the Canal Board as a bar to the claim, but would have no other effect except such as was expressly provided by the act.

We are further of the opinion if the act intended to authorize, directly or indirectly, the audit or allowance of a claim against which the statute had once run, that it exceeded the constitutional power of the legislature to enact it.   It would seem to be the obvious intention of this constitutional amendment to place in the fundamental law of the land an effectual bar against the prosecution of any claim against the state unless it was preferred and presented within the periods of limitation, applicable to claims between citizens.   At the time of its adoption there was already a provision of the Constitution (§ 19, art. 3) which forbid the legislature from auditing or allowing any private claim or account against the state, and the amendment was evidently intended to reach another class of cases and prohibited not only the legislature, but the Canal Board, canal appraisers or any person or persons acting in behalf of the state from auditing, allowing or paying any claim, which, as between citizens of the state, would be barred by lapse of time.   If by this act the legislature intended to confer upon the Board of Claims power to hear and audit or allow a claim which was already barred by existing statutes, it would be a clear and palpable violation of the constitutional provision, but well settled rules of construction forbid us from giving such effect to the act of 1886.

We are, therefore, of the opinion that the award appealed from should be affirmed.

All concur.

Award affirmed.