### Mason *v.* Mason.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

JUDGMENT—OPENING PLAINTIFF'S DEFAULT—EVIDENCE.

On a motion by plaintiff to open a default, defendant's affidavit showed a long and persistent effort on the part of plaintiff to avoid a trial; and it appeared that, on the day the default was taken, plaintiff's representative stated to the court that plaintiff's counsel, who was in attendance on court as a witness in another cause, would not be able to try plaintiff's case if discharged that day *Held*, that the court properly refused to open the default.

Appeal from special term, Kings county.

Action by Sumner A. Mason against Emma J. Mason. From an order denying a motion to open a default taken by the defendant at circuit, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*W. C. Beecher,* for appellant. *Alexander Cameron,* for appellee.

CULLEN, J. This is an appeal from an order denying a motion to open a default taken by the defendant at circuit. The judgment entered will not preclude the plaintiff from enforcing any cause of action he may have. A dismissal of the complaint by default or nonsuit after evidence in an action at law is no bar to a new action for the same cause. *Wheeler* v. *Ruckman,* 51 N. Y. 391. If it were otherwise, the action being in ejectment, the plaintiff is entitled to a second trial as a matter of right, on payment of the costs of the

action. The effect of the order appealed from is therefore the same as if the motion had been granted upon payment of all the costs in the action. The imposition of such terms was entirely proper. The affidavits of the defendant show a long and persistent effort on her part to force the cause to trial, and an equally persistent struggle on the part of the plaintiff to avoid a trial. The fact that on the particular day upon which the default was taken the counsel for plaintiff was in attendance at another court is not decisive of his right to a postponement. His representative stated at circuit that, even when discharged from attendance under the subpœna, the counsel would not be able to try the cause. After such a statement, it was not necessary or proper to hold the cause until another day. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.