(14 Misc. Rep. 538.)

### VOWELL v. TWENTY-THIRD ST. RY. CO.

(Common Pleas of New York City and County, General Term.   December 2, 1895.)

JUDGMENT—RES JUDICATA—DISMISSAL ON MERITS.

In an action to recover damages for injuries resulting from defendant's negligence, the complaint was dismissed on the ground that plaintiff had executed a release from liability for damages to one who was a tort feasor with defendant. *Held*, that the judgment of dismissal was on the merits, within Code Civ. Proc. § 1209, providing that such judgment shall bar a new action.

Appeal from special term.

Action by Edith Vowell against the Twenty-Third Street Railway Company for damages for injuries resulting from defendant's negligence.   From orders denying defendant's motion to amend the clerk's minutes by inserting, after the word "dismissed," the words "on the merits," and granting plaintiff's motion to vacate the judgment, defendant appeals.   Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

John T. Little, Jr., for appellant.
Alfred C. Cowan, for respondent.

BOOKSTAVER, J.   This action was brought to recover damages for injuries received by reason of the negligence of the defendant in the management of a car, whereby the plaintiff, while in the act of alighting, was run over and injured by a laundry wagon owned by one Henry Wilcke.   The answer, after denying the allegations of negligence, set up, as a separate defense, that, prior to the commencement of this action, the plaintiff, by an instrument in writing under seal, for a valuable consideration, released and discharged the said Henry Wilcke from all and every claim and demand for the injuries so received, and that thereby the defendant was released and discharged from any liability for the injuries set out in the complaint.   The complaint was dismissed, upon the trial, on the

ground that the plaintiff had executed a release to a joint tort feasor, thereby discharging the defendant from any liability. This was a judgment upon the merits. The release was pleaded and proved, and was a complete bar to the action.

Section 1209 of the Code of Civil Procedure provides that:

"A final judgment, dismissing the complaint, either before or after a trial, * * * does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment roll, that it is rendered upon the merits."

Prior to the amendment of this section, in 1877, it was held that a judgment dismissing a complaint was not a bar to another action for the same cause (Wheeler v. Ruckman, 51 N. Y. 391), and the amendment was enacted with a view to changing this in a case where the merits were necessarily involved in the dismissal under the section as it now stands. Where the record shows the judgment was upon the merits, it is a bar. O'Rourke v. Hadcock, 114 N. Y. 541, 551, 555, 22 N. E. 33. It appears from the record in this case that the complaint was dismissed "on the ground of the release." This release barred the action, and the decision was therefore upon the merits. A new action and a new trial in such a case must have the same result. The cases cited by the plaintiff were either decided before the amendment of section 1209, or are cases where the dismissal was not upon the merits, and are therefore not in point.

It follows that the court should have allowed the amendment to the clerk's minutes asked for, and that the order vacating the judgment was erroneous. Both orders should be reversed, with costs and disbursements, and the defendant have leave to renew his motion to correct the clerk's minutes nunc pro tunc. All concur.