## HUKING et al. v. WHIGAM.

(Supreme Court, Appellate Division, Second Department.   March 4, 1910.)

1. APPEAL AND ERROR (§ 87*)—DECISIONS REVIEWABLE—COSTS.
    Costs in equity are in the discretion of the court, and its failure to award costs is not a grievance entitling one to an appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 596; Dec. Dig. § 87.*]

2. APPEAL AND ERROR (§ 151*)—JUDGMENT OF DISMISSAL—PARTY AGGRIEVED.
    A judgment dismissing the complaint, but not on the merits, in a suit in equity, rendered after the court had reserved decision of the motion to dismiss because plaintiff had failed to prove facts constituting a cause of action in equity for the relief sought, is a judgment in favor of defendant, and he is not aggrieved because it declares that it is not on the merits, since under Code Civ. Proc. § 1209, a judgment of dismissal rendered on

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the motion of defendant, first made at the close of plaintiff's evidence, would not have been on the merits.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 151.*]

Appeal from Special Term, Kings County.

Action by Catherine E. Huking and another against Cornelius J. Whigam. Judgment dismissing the complaint, and defendant appeals. Dismissed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Leonard J. Reynolds (Charles F. Murphy, on the brief), for appellant.

Robert H. Roy, for respondents.

WOODWARD, J. The plaintiffs brought this action in equity to rescind certain agreements entered into between the parties to this action in an effort to compromise certain differences between them. At the close of plaintiffs' case defendant moved to "dismiss the complaint on the ground that the plaintiff has failed to prove facts sufficient to constitute a cause of action in equity for the rescission of the contract or for the cancellation of the deeds," and upon the further ground that the plaintiffs had an action at law for damages. This motion was denied, and defendant put in his evidence, and then renewed his motion to dismiss the complaint upon the grounds stated at the close of plaintiffs' case. The court reserved decision of the motion, took briefs upon the questions involved, and subsequently filed a memorandum, or decision, in which, after some discussion of the merits, it says:

"Nevertheless it was incumbent on plaintiffs to establish by sufficient evidence that it was agreed that defendant should assume them [certain debts]. This they have failed to do. Complaint dismissed, but not on the merits, and without costs."

It thus appears that, aside from the question of costs, the defendant has just what he asked for, a dismissal of the complaint, and he apparently has it upon the very grounds urged—that the plaintiff had failed to prove facts sufficient to constitute a cause of action in equity for the rescission of the contract. Yet the defendant appeals from "those portions, and so much, of the judgment entered herein * * * as adjudge and decree that the remaining portion of said judgment, which dismisses the complaint of the plaintiff herein, is not upon the merits, and adjudges and decrees that no costs be awarded," but distinctly adds that the "said defendant does not appeal from so much of said judgment as decrees that the complaint of the plaintiff herein be dismissed." The theory of the defendant is that he is aggrieved because the judgment declares that it is not upon the merits, and without costs.

Costs in equity are in the discretion of the court, and the failure of the court to award costs does not constitute a grievance entitling one to an appeal; and we are equally persuaded that the defendant is not aggrieved by the judgment because it declares that it is not upon the merits. The defendant asked, both at the close of plaintiffs' case and

at the close of the entire evidence, to have the complaint dismissed because the plaintiff had failed to prove facts sufficient to constitute a cause of action in equity for the relief demanded, and the court has granted this motion. The motion of the defendant made no reference to the merits. It was based upon the ground stated, with some additional requests resting upon an alleged lack of evidence, and now that the court has complied with the defendant's motion he is hardly in a position to claim that he is aggrieved. Section 1209 of the Code of Civil Procedure provides that:

A "final judgment, dismissing the complaint, either before or after a trial, rendered in an action hereafter commenced, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment roll, that it is rendered upon the merits."

Clearly, if the learned court at Special Term had granted the defendant's motion at once, and the judgment had been entered dismissing the complaint upon the grounds stated, the judgment would not have been upon the merits. It would not have recited that it was upon the merits, and the judgment would not have been a bar to a further action by the plaintiffs. The case is not different because the learned court reserved decision of the motion and subsequently granted it, declaring affirmatively, what the law already provided, that it should not be upon the merits unless it so stated. In other words, if the judgment had simply dismissed the complaint because the plaintiffs had failed to produce evidence sufficient to constitute a cause of action for the relief demanded, the law would have read into it the provision of the Code of Civil Procedure above quoted. It seems that at one time the rule in equitable actions was that the dismissal of the complaint operated to bar a further action (Wheeler v. Ruckman, 51 N. Y. 391, 393), and the Code was amended to place equitable actions upon the same basis as those at law. We are clearly of the opinion that the defendant is not aggrieved by the judgment; that it is a judgment in his favor, upon the very grounds of his own motion; and that he has no right of appeal.

The appeal should be dismissed, with costs. All concur.