(69 Misc. Rep. 641.)

### OLMSTEAD v. ROBERTS, State Comptroller.

(Supreme Court, Trial Term, Hamilton County. December, 1910.)

1. TAXATION (§ 788*)—TAX DEEDS—REGULARITY—PRESUMPTION.
    A deed from the State Comptroller under the tax law of 1896 (Laws 1896, c. 908), not recorded with the clerk's office of the county where the land is situated, raises no presumption of regularity.
    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 788.*]

2. TAXATION (§ 693*)—TAX SALE—CANCELLATION—VALIDITY.
    That, upon cancellation of a tax sale, the refund was paid to the wrong person, does not raise an inference that the cancellation was irregular or void.
    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § .693.*]

3. TENANCY IN COMMON (§ 38*)—EJECTMENT—PERSONS ENTITLED TO SUE—COTENANT.
    The owner of an undivided half interest in land cannot sue the state in ejectment where the state owns the other half of the tract.
    [Ed. Note.—For other cases, see Tenancy in Common, Dec. Dig. § 38.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. TAXATION (§ 439*)—IRREGULARITY—FAILURE TO EXTEND—CURATIVE STAT-
   UTES.
   That a tax was not extended upon the roll pursuant to a resolution of
   the board of supervisors is not a jurisdictional defect, but a mere ir-
   regularity cured by Laws 1885, c. 448, providing that all conveyances
   of the comptroller of land sold for taxes shall be conclusive evidence
   after two years from ,the date of recording that the sale and all pro-
   ceedings prior thereto, including the assessment of the land, were reg-
   ular.
   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 439.*]

5. TAXATION (§ 439*)—ASSESSMENT—IRREGULARITY.
   That lands were assessed as nonresident lands, when they should have
   been assessed as resident lands, is a mere irregularity which might be
   erased by a curative act.
   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 439.*]

6. TAXATION (§ 689*)—SALE FOR TAXES—ACTION TO SET ASIDE—LIMITATIONS.
   The statute of limitations contained in Laws 1885, c. 448, providing
   that tax deeds, after having been recorded as required for two years,
   shall be conclusive evidence that the sale and all proceedings prior there-
   to, including assessment, were regular, begins to run from when publi-
   cation of notice of possession in the comptroller was complete, and where
   such publication was complete January 4, 1895, an action begun in April,
   1897, to eject the comptroller from the land conveyed by him was barred,
   notwithstanding Laws 1896, c. 908, § 132, extending the time within
   which an action might be brought to cancel a tax sale, in case of sales
   held in 1895 and thereafter to five years from expiration of the period
   allowed for redemption; such statute applying only where limitations
   have not run and in which the parties have not had opportunity to seek
   redress in the courts.
   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 689.*]

Action by John W. Olmstead against James A. Roberts, as Comp-
troller of the State of New York. Judgment for defendant.

Griffin & Ostrander, for plaintiff.
Edward R. O'Malley, Atty. Gen., for defendant.

VAN KIRK, J. This action was begun in April, 1897. It was
brought on for trial in April, 1910. It is an action in ejectment. In
the complaint the plaintiff asks to recover all of lot 340 and 217 acres
of lot 4, townships 10 and 29 of Totten & Crossfield's Purchase. At
the trial leave was given to the plaintiff to amend, setting up that he is
the owner of an undivided one-half interest in lot 340 and an undivided
three-quarters interest in the said 217 acres of lot 4. Hereafter said
217 acres will be spoken of for convenience as lot 4. On December 13,
1894, the notice, under section 13, c. 711, of the Laws of 1893, was
published, declaring the lands in question here wild, vacant, and forest
lands, and the comptroller in possession thereof.

Plaintiff claims title to lot 4 under a deed in pursuance to a tax sale
of 1859 to Daniel L. Jones. This conveyance does not appear of rec-
ord and was never recorded in the clerk's office of the county in which
the lands were situated. Not being recorded, there is no presumption
of regularity as to the proceedings leading up to the sale and the exe-
cution of the deed under the statutes. The record does later show that
Jones conveyed his interest to Patrick J. Hanley and Albert J. Smith
in 1869, and still later the title of Hanley and Smith is conveyed to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Olmstead and Ostrander. The only record with reference to the cancellation of the taxes and of the deed to Daniel L. Jones is contained in the plaintiff's exhibit 8, which shows the date of cancellation as to lot 4 to be January 31, 1885, and the date of the refund, June 16, 1887. An affidavit of Daniel L. Jones, claiming the refund is attached, stating that "the sale and conveyance * * * has been canceled." As both parties hereto claim, there was a cancellation of said sale under which the deed went to Jones. There could be no refund until the sale was canceled. People ex rel. Ostrander v. Chapin, 109 N. Y. 179, 16 N. E. 331. The proof shows that the refund was made, apparently upon an affidavit incorrectly stating the facts, to the wrong person. But this cancellation was made by an officer having authority so to do. The cancellation has never been vacated, nor have any proceedings been instituted to that end as provided by the tax law. There is not before the court any evidence upon which it can be found that, if attacked, the cancellation would be set aside. There is no evidence showing that the cancellation was irregular or void. That the money was refunded to a person not entitled thereto, as seems to be the case (People ex rel. Ostrander v. Chapin, 109 N. Y. 177, 16 N. E. 331), does not demonstrate the irregularity of the cancellation proceedings. It rather shows that the cancellation proceedings were complete, but that the refund was not made to the person entitled thereto. If the person entitled to the refund has any cause to complain, it is not that the cancellation was irregular or void, but that he was not reimbursed. There being no evidence upon which the court here can find that said cancellation was irregular and void, and the plaintiff's title depending absolutely upon said cancellation being void, the plaintiff cannot recover in ejectment; and therefore the complaint must be dismissed as to lot 4. The plaintiff cites Ostrander v. Darling, 127 N. Y. 70, 27 N. E. 353, upon the proposition that the proceedings for cancellation were irregular and void; but I do not think such decision is applicable here, because the facts disclosed in Ostrander v. Darling are not disclosed in this case. In the opinion Judge Haight recites the defects in the proceedings for cancellation. In this case we are not at all informed as to what those proceedings were or by whom instituted.

As to lot 340, the plaintiff attempts to show title, by the record, beginning with letters patent to Gerrit Smith and tracing by mesne conveyances an undivided half interest into himself. The plaintiff has not attempted to show possession in himself or any of his grantors. Lot 340 was sold for taxes, and sales were had in 1881, 1885, and 1890. If these tax sales are not void because of defects in the proceedings, then the title to lot 340 is in the state, to whom the conveyance was made after said sale. The said sales are attacked only as to the undivided half interest claimed by the plaintiff. The parties, if there be such, claiming to own the other undivided half interest, are not before the court and do not dispute the state's title thereto. So that the plaintiff, although he owns an undivided one half interest, cannot maintain ejectment against the state, which owns the other half. I think the title of the state under the tax sales must be upheld.

There are two defects urged against the state tax sales of lot 340. The first is that the board of supervisors failed to pass a resolution ex-

tending the tax. The evidence does not show that the figures were not extended upon the tax roll; but it fails to show that said extension was made under a resolution of the board, and it is claimed that the board can act only by a. resolution. While this would be a fatal defect, I think it is an irregularity, the effect of which is destroyed by the curative acts in the statute, chapter 448 of the Laws of 1885. The defect is not a jurisdictional defect, nor is it a defect that affected in any direct way the rights or interests of the taxpayer. People v. Holmes, 32 App. Div. 631, 54 N. Y. Supp. 1111. See, also, the tax law as it then existed, with reference to the requirement for extending the tax, which is as follows:

"They, the board of supervisors, shall estimate and set down in the fifth column, to be prepared for that purpose, in the assessment rolls, opposite to the several sums to be set down as the valuation of real and personal estate, the respective amounts in dollars and cents, rejecting the fractions of a cent, to be paid as a tax thereon."

The second defect claimed is that the lands were assessed as nonresident lands, when in fact they should have been assessed as resident lands; the owners of interests in said lands being residents of the tax district. There are decisions in this state holding that such a defect is fatal. The reasoning, however, in Halsted v. Silberstein, 196 N. Y. 7, 89 N. E. 443, in which Judge Haight speaks for the court, would indicate that the defect was not jurisdictional but was rather an irregularity, although this point is not decided. The assessment as nonresident lands gave a lien upon the real estate itself, while the assessment as resident lands would have given a claim against the owner or occupant, to be collected out of his personal property. Still, I know of no reason why the Legislature could not have modified these provisions as it saw fit, without interfering with the rights of the landowner. The rule laid down in Ensign v. Barse, 107 N. Y. 329, 14 N. E. 400, 15 N. E. 401, is that the Legislature may by statute cure defects which do not extend to matters of jurisdiction or to constitutional grounds, if the defect is such as could be dispensed with by the Legislature in its original statute providing for the proceedings. And the statute, as it now stands, provides how, if the taxes are not paid by the owner or occupant or are not collected out of his personal property, in the succeeding year the tax may be made a lien upon the real estate. So that my impression is that this defect is one which might be erased by a curative act.

But, whether or not it be an irregularity cured by chapter 448 of the Laws of 1885, or by the act of 1893, I think the statute of limitations is a bar to the prosecution by the plaintiff and to the setting aside of the tax deeds, because void on account of said defect. The publication of notice of possession in the comptroller was complete on the 4th day of January, 1895. This action was begun in April, 1897. From the time said publication was complete, action could have been brought to eject the comptroller from these lands by the owner thereof. Saranac Land & Timber Co. v. Roberts, 195 N. Y. 303, 88 N. E. 753; Halsted v. Silberstein, 196 N. Y. 1, 89 N. E. 443. After the expiration of said publication, under the statute, a party was permitted to

bring action against the state or against the comptroller representing the state; therefore the party against whom the statute was running was given his day in court, and chapter 448 of the Laws of 1885 contains the statute of limitations applicable. This action was begun after the time limited.

The plaintiff, however, urges that, although the statute had run under the law of 1885, the law of 1896 nullified the limitation in said act of 1885 and gave further time to a plaintiff within which he could prosecute his action of ejectment. I do not think that this was the intent of the Legislature in passing that section 132 of chapter 908 of the Laws of 1896. It cannot be presumed that the Legislature had intended to revive an action which had already become barred by the statute. If the parties had time and opportunity to appear in court and the statute had run against them, the limitation was conclusive; the act of 1896 applied only to those cases against which the statute had not run and in which the parties had not had opportunity to seek redress in the courts, because the notice had not been published or for other reasons. McDougall v. State, 109 N. Y. 73, 16 N. E. 78; Gates v. State, 128 N. Y. 221, 227, 229, 28 N. E. 373; People v. Morgan, 45 App. Div. 19, 24, 60 N. Y. Supp. 898. Plaintiff's action to recover an undivided interest in lot 340 I hold, therefore, to be barred by the statute of limitations in chapter 448 of the Laws of 1885.

There is no conflict between this holding and the holding made in People v. Golding, 55 Misc. Rep. 425, 106 N. Y. Supp. 821, because in that case there was no proof of publication of notice of possession in the comptroller.

Findings and a decision may be prepared accordingly.

Ordered accordingly.