HOWELL v. ROWE et al.

(Supreme Court, Special Term, Suffolk County.    May 2, 1914.)

1. TAXATION (§ 734*)—ASSESSMENT—JURISDICTIONAL DEFECTS.

Failure to return a tax as unpaid to the county treasurer was a jurisdictional defect in proceedings to sell the property for taxes.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1408, 1470–1473; Dec. Dig. § 734.*]

2. TAXATION (§ 734*)—ASSESSMENTS—SALE—JURISDICTIONAL DEFECTS.

Inclusion of three lots in a single assessment for taxes was a jurisdictional defect precluding a valid sale.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1408, 1470–1473; Dec. Dig. § 734.*]

3. TAXATION (§ 791*)—STATUTES—REPEAL.

The enactment of the Tax Law repealed Laws 1885, c. 442, prescribing a limitation upon actions for vacating a tax sale, and Laws 1891, c. 217, extending the operation of the act of 1885 to all counties in the state except those named.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1571; Dec. Dig. § 791.*]

4. LIMITATION OF ACTIONS (§ 6*)—REPEAL OF STATUTE—EFFECT.

The repeal by Tax Law of limitation statutes, such as Laws 1885, c. 442, and Laws 1891, c. 217, fixing a limitation for the purpose of vacating a tax sale, etc., did not interfere with rights which had become vested and fixed by the repealed statutes prior to the repeal; the rule being different in case of statutes operating to invest persons with property, such as those in question, from that of statutes merely operating as a defense to personal demands.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 16–31; Dec. Dig. § 6.*]

Action to determine claim to real property by Harri M. Howell against Catherine Rowe and another.   Judgment for plaintiff.

Harri M. Howell, of Southampton, L. I., in pro. per.

Percy L. Housel, of Riverhead, L. I., for defendants.

KELBY, J.   The plaintiff is in possession of certain premises situated in Greenport, Suffolk county, against the defendants, the widow and daughter of Thomas Rowe, who died in 1864, seised of the property in fee simple.   He holds under a tax title, based on an assessment for the year 1879.   The sale was in 1885.   A deed was delivered by the county treasurer in 1886, and then recorded.   The issue is the validity of such title.   While the lands were taxable, the assessors had no jurisdiction of the person of nonresident owners, and by the inclusion of the name of the widow as a nonresident there was an attempted personal assessment.

[1, 2]   Plaintiff expressly concedes in his brief that in this respect this assessment was similar to that condemned in Sanders v. Downs, 141 N. Y. 422, 36 N. E. 391.   He furthermore does not question the proof that there was no return of the tax as unpaid to the county treasurer.   This was a jurisdictional defect.   Thompson v. Burnhans, 61 N. Y. 63.   So also was the inclusion of three lots in a single assessment.   French v. Whittlesey (Sup.) 30 N. Y. Supp. 363.   To overcome

this reliance is placed upon chapter 442, Laws of 1885, as a statute of limitations, which it has been held to be. People v. Turner, 117 N. Y. 227, 22 N. E. 1022, 15 Am. St. Rep. 498. The operation of this statute was, by chapter 217, Laws. of 1891, extended to all the counties in this state except Cattaraugus and Chautauqua, and it fixed a limitation of six months from the time of its passage for the purpose of vacating any tax sale or any conveyance or certificate of sale made thereunder. This period of time has been held to be reasonable. Halstead v. Silberstein, 196 N. Y. 1, 89 N. E. 443. No action to cancel the present tax deed was begun until the service of the answer in April, 1913, containing a counterclaim for that relief.

[3] The defendants contend that the statutes of 1885 and 1891, above referred to, are not to be considered, because they were repealed by the enactment of section 132 of the Tax Law of 1896 (Laws 1896, c. 908) and this latter, it is pointed out, has been held to be ineffective to cure or protect a deed upon a sale for which there was lacking the fundamental basis of a verified return of an unpaid tax. Wallace v. McEchron, 176 N. Y. 427, 68 N. E. 663. That the enactment of the Tax Law did repeal the earlier statutes has been definitely settled since this case was submitted. Peterson v. Martino, 210 N. Y. 412, 104 N. E. 916. But the proposition that therefore the earlier statutes are not to be considered is not correct.

[4] There is a distinction as to the effect of repeal between statutory bars such as supplied by the acts of 1885 and 1891 operating to invest persons with property, and statutory bars such as was involved in Hulbert v. Clark, 128 N. Y. 295, 28 N. E. 638, 14 L. R. A. 59, operating merely as a defense to personal demands. As to the latter, the Legislature may, by repeal even after the right of action is barred, restore the remedy; but as to the former the rule is directly to the contrary. Campbell v. Holt, 115 U. S. 620, 6 Sup. Ct. 209, 29 L. Ed. 483. See, also, cases cited, 25 Cyc. 989. Within this distinction the repeal of the earlier statutes by the enactment of the Tax Law did not interfere with the rights of the plaintiff which had become vested and fixed by virtue of the earlier statutes prior to that time. Hennepin Improvement Co. v. Schuster, 66 Misc. Rep. 634, 647, 124 N. Y. Supp. 693, affirmed (Sup.) 134 N. Y. Supp. 1134. See, also, Olmstead v. Roberts, 69 Misc. Rep. 641, 645, 127 N. Y. Supp. 854..

It follows that there must be a judgment for the plaintiff.